# The Grover & Baker Sewing Machine Company v. Jacob A. Polhemus and another.

*Agency: Authority: Credit: Ratification: Liability of principal.* A principal is not holden for an indebtedness incurred in his name without authority by an agent, where he has never held the agent out as having such authority, or done any thing to ratify the unauthorized act; and much less where the credit was originally given to the agent and not to the principal.

*Agency: Authority: Statements of agent.* An agent can never invest himself with authority so as to bind his principal, by mere false statements to others with whom he deals as to the extent of his authority.

*Agency: Credit: Horse keeping: Evidence: Liability of principal.* Where an agent is furnished a horse by his principal, which he is himself to feed and take care of, the fact that the employment of the horse by the agent in the prosecution of the principal's business afforded a profit to

the latter, is nothing to the point as to his being liable to pay for the board and keeping of the horse, procured by the agent on credit with- out authority.

*Submitted on briefs April 20.    Decided June 13.*

Error to Washtenaw Circuit.

*Joslin & Whitman,* for plaintiff in error.

*Frazer & Hamilton,* for defendants in error.

GRAVES, J:

The circuit court adjudged the plaintiff in error liable to defendants in error in a suit on the common counts for horse keeping and livery hire, and error is alleged.

The company, through their general agent, F. A. Van Buren, bargained with one Wissler to sell their sewing machines in Washtenaw county and vicinity, on the following under- standing: they were to provide him a room in Ann Arbor, a horse and buggy and the machines, and he was to sell the machines and have thirty per cent. commission as compensa- tion.    The room and horse and buggy were provided, and machines as needed were supplied, and he prosecuted the business for some time under the arrangement.    He called on defendants in error and contracted with them specially to board the horse, and they did so for several months and sometimes used the animal with his assent.    He also got livery of them at various times.    He informed them in the beginning that the company owned the horse.    They charged the entire account for horse keeping and livery directly against him, and he paid them the larger portion of it.    The recovery allowed against the company was for the balance of this entire account.    As their witness, he swore that if he had paid it he would not have been entitled to ask the com- pany to reimburse him.    According to the record there was not the least ground for claiming that he had authority to get the horse boarded or obtain livery on the credit of the

company, or that the company held him out as having such power, or ever assumed in any form the liability therefor, or did any thing to make the liability their own. Moreover there would seem to have been no proper evidence that he contracted on company account, or any lawful evidence legitimately tending to show that defendants in error gave credit to any body except Wissler. Some evidence was admitted that when he called to get the horse boarded he stated it was for the company. But he could not invest himself with authority to bind the company by such statements. Were the rule otherwise, the fortune of every man would rest on the veracity of his errand boy. The arrangement made with him by the company gave him no such power, and his position did not imply it, and there was no evidence the company contributed in any manner to produce an impression that he possessed it. Besides, as before intimated, the evidence is not subject to be construed as showing that the dealings between him and defendants in error were had upon the faith of any power or intention to make the company a party to them.

On request of defendants in error the judge charged, among other things, that if the jury should find the defendant corporation derived benefit from the use of the horse and wagon in selling machines, then the corporation would be liable. This was clearly wrong. In the first place part of the entire claim was for livery hire and had no connection whatever with any benefit the company may have obtained from the use of their horse in the business of selling their machines; but, second, their responsibility for the board furnished to the horse at Wissler's instance in no way depended upon their being benefited by such use of the horse as may have occurred in selling machines. Wissler seems to have been a bailee of the horse subject to an obligation to take care of him, and the fact that his employment by the bailee may have produced profit to the bailor could not make the latter liable to defendants in error for the board of the horse they saw fit to provide at the bailee's request. In

short, if there was any ground whatever for fixing the company with a liability it must have been a very different one.

There are several other exceptions in the record, but some of them have no merit, and the others do not require notice now.

The judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.