ELBRIDGE F. BACON v. JOHN B. JOHNSON.

*Promissory note—Agency for collection.*

1. An agent's declarations are no proof of his authority or of its extent; but they can be shown in connection with evidence of acts done by him in carrying on negotiations that are within his power.

2. An arrangement made by an agent in excess of his authority is ratified if the principal receives and retains the advantages of it.

3. A principal cannot repudiate an arrangement made by an agent so long as he retains what he has received in pursuance of it.

4. Due consignment of goods to their owner, though not conclusive evidence that they were received, is such evidence as is acted on in ordinary business and will support an inference of the receipt sufficiently strong to call for a counter showing.

Error to Huron.   (Wixson, J.)   Jan. 22.—Jan. 28.

ASSUMPSIT.   Plaintiff brings error.   Affirmed.

*Elbridge F. Bacon* for appellant.

*Winsor & Snover* for appellee.

COOLEY, C. J.   Three promissory notes are sued upon in this case, one of which is not contested.   The other two which are dated December 10, 1878, and given respectively for $175 and $250 payable the first in two and the second in three months from date to the order of James Nall, Jr. & Co., and by that firm endorsed, are defended.   The ground

of defense is that they were made for the accommodation of James Nall, Jr. & Co., and endorsed by that firm to the People's Savings Bank of Detroit; that the bank only took the same for collection, and that they are now sued by the bank in the name of Bacon, its attorney, in violation of an agreement by agents of the bank for their surrender to defendant.

On the trial it was not disputed that the suit was brought in the interest of the bank. The plaintiff gave evidence that the bank discounted the notes in the usual course of business before they fell due, and the defendant proved that they were given and delivered to James Nall, Jr. & Co., solely for their accommodation and on their promise to take them up when due. The defendant further proved by one Coleman, who was general clerk for the People's Savings Bank in December 1878, that the bank received a large amount of the assets of the Nall Manufacturing Company, and among them a large amount of fanning-mill notes, and that the bank sent out as agents with these notes a man by the name of Brooks and another by the name of Storrs. He then called as a witness one Grant who testified that he knew the Nall fanning-mill; that he had at one time a quantity of the mills in his hands for defendant; that Storrs came there representing himself to be the agent of the People's Savings Bank and bringing an order from defendant for the mills; that he delivered up the mills to Storrs on the order, and at his request took them to Sebewaing and shipped them back to Detroit. Storrs also got from witness a note, and some money, and witness paid him the note with the understanding that it belonged to the bank. Witness said: "Mr. Storrs came there claiming to be agent for the bank, and he showed me a paper giving him authority to collect and clean up everything. He tried to sell me mills and take my own paper, and furnish me all the mills I wanted from the new company, and I told him I could not do it. He hired me to take the mills to Sebewaing and ship them back to Detroit. They were shipped back to the bank."

It was further shown that the Nall Manufacturing Company has turned over its assets to the bank, to which it was

largely indebted, and that the bank was continuing the busi_ ness of the company under the name of the Diamond Fanning-mill Co., in order to realize what was owing to it. Defendant testified that Brooks and Storrs came to him representing that they were acting for the bank, and that he delivered to them three hundred dollars in mills and a collection of twenty-five dollars on their promise that the two notes now in contest in this suit should be returned to him.

Evidence was then given on the part of the bank that the agency of Brooks and Storrs was confined to assisting in collecting matters assigned to the bank by the Nall Manufacturing Company, and getting in mills and selling them to apply on the company's indebtedness, and that they had no authority whatever in respect to discounted paper.

Upon the evidence the circuit judge submitted the case to the jury and they found for the defendant on the two contested notes. The case comes to this Court on various assignments of error, but the only question of moment is whether there was any competent evidence of an agency on the part of Brooks and Storrs to bind the bank in the transactions with defendant and with Grant.

That Brooks and Storrs were agents of the bank to do the sort of business which they did do, is not disputed. The question is, whether their agency extended to this particular paper. The evidence was that they professed to act in respect to this very paper, and represented themselves as being authorized. An agent cannot prove his agency or its extent by his own declarations: *Hatch v. Squires* 11 Mich. 185; *Kornemann v. Monaghan* 24 Mich. 36; *Grover & Baker S. M. Co. v. Polhemus* 34 Mich. 247; *McDonough v. Heyman* 38 Mich. 334; but here the agency was admitted, and the question at issue only concerns its extent. And whether their statements in respect to their authority were or were not competent proof of the fact, they were clearly as we think admissible in connection with evidence of what was done by them in obtaining and shipping the mills.

There was no direct evidence that the bank ever received the mills which defendant turned over to Brooks and Storrs

and those which Grant shipped, but there was enough in the case to call upon the bank for some showing on its own behalf. It must have been within its power, if the mills were not received, to show the fact; and if they were received and retained, the arrangement made by Brooks and Storrs, even if in excess of authority, was thereby ratified. The bank could not repudiate the arrangement while retaining what was received in pursuance of it. *Pratt v. Campbell* Har. Ch. 236; *Hutchings v. Ladd* 16 Mich. 493. And under the evidence, in the absence of any showing by the bank on that subject, a strong inference would arise that at least the mills shipped to the bank by Grant were received. The showing was not conclusive, but it was such as men act upon in ordinary business transactions.

We find no error in the record, and the judgment will be affirmed.

The other Justices concurred.