NELS SWANSTROM v. THE MUSKEGON IMPROVEMENT COMPANY.

91    3o7
125   606
91    367
138   ı206

*Principal and agent—Contract of employment—Evidence.*

1. The authority of an alleged agent to contract for his principal cannot be proven ,by the agent's declarations.
2. There was no testimony which justified the submission to the jury of the question whether the plaintiff was employed by the defendant to perform the labor sued for.

Error to Muskegon. (Dickerman, J.) Submitted on briefs February 18, 1892. Decided April 15, 1892.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellant.

*Turner, Turner & Turner,* for plaintiff.

MONTGOMERY, J. The plaintiff recovered below for work and labor. The sole question presented appears to have been whether the contract of hiring was made on behalf of the defendant company. It is alleged that the court erred in submitting that question as a question of fact to the jury, the claim being that there was no testimony tending to show that the plaintiff was employed by the defendant.

The plaintiff testified that one Jacob Olson came to him in October, 1890, and employed him to work at carpenter work for the defendant company, agreeing to pay him going wages; that he worked 49 days; that there was a balance still unpaid; that the first three pay-days he was paid by Olson, and that, not receiving his pay from him on the fourth pay-day, he went to Mr.

C. C. Howell, who paid him $9, and who promised to pay the balance as soon as he ascertained what it was. He was then asked:

"*Q.* I understand you to say that Mr. Howell said that the company would pay you, at the time he paid you last,—that he settled with you?

"*A.* Yes."

The work performed by plaintiff was carpenter work on a sewing-machine factory and on a depot building. On cross-examination plaintiff was asked:

"*Q.* Do you know what connection Mr. Howell bears to the sewing-machine company?

"*A.* He was head boss.

"*Q.* Do you know whether or not Mr. Howell was treasurer of the sewing-machine company?

"*A.* Yes, sir.

"*Q.* Do you know whether Mr. Wicks was working for the sewing-machine company or not?

"*A.* He did.

"*Q.* Do you know whether when Mr. Wicks kept your time, when you were working on the sewing-machine factory, he was in the employ of the sewing-machine company?

"*A.* Yes, sir.

"*Q.* Do you know whether or not Mr. Olson was working for the sewing-machine company under the direction of Mr. Howell and Mr. Wicks?

"*A.* Yes, sir; he did.

"*Q.* Do you know who had the contract for the depot building?

"*A.* Mr. Howell."

He was further asked:

"*Q.* State if at any time during the time you were working for the company, or working out at the Heights there, Mr. Howell ever stated to you who you were working for.

"*A.* No.

"*Q.* State whether he said anything to you about it when you went to him for your pay, when he paid you.

"*A.* Yes, sir; he said he worked for him at that time, —Mr. Howell.

"*Q*. State if, at any time you went to Mr. Howell for your pay he said anything to you about the improvement company.

"*A*. No."

The plaintiff also offered testimony showing that Howell was superintendent of defendant company. This was not disputed, but the defendant offered testimony which was uncontradicted, showing that, as matter of fact, the improvement company had nothing whatever to do with the construction of the sewing-machine factory, and that Mr. Howell built the depot building under a contract with the improvement company. There was no testimony authorizing a recovery by the plaintiff upon the theory that he was deceived into contracting with one having apparent authority to act for the company, nor was the case put to the jury upon that theory. The only evidence of any authority by Olson to contract for the improvement company is that given by plaintiff in his direct examination, and consisted solely of Olson's own declaration. His authority could not be thus proven. We have examined the record with care, and fail to find any testimony which justified the submission of the question of whether the employment was by the defendant company to the jury. The court should have directed a verdict for the defendant.

Judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.