GRAND AVENUE HOTEL COMPANY, Respondent, v.
FRIEDMAN, KEILER & COMPANY, Appellants.

**Kansas City Court of Appeals, March 5, 1900.**

1. **Principal and Agent:** HOTEL BILLS OF TRAVELING SALES-
MEN: CREDIT. A traveling salesman without express authority can
not bind his principal for his hotel bills—especially is the principal
not liable where the credit in the first instance extended to the
agent.

2. ———: ———: NOTICE. Where the innkeeper notifies the princi-
pal that the salesman's hotel bill is unpaid and thereafter the prin-
cipal continues to furnish the salesman money to pay his hotel bills,
the principal becomes liable for such unpaid bills.

3. ———: TRAVELING SALESMAN: LAUNDRY. A traveling sales-
man can not bind his principal for laundry and other items, such as
express and telegrams unless connected with his business.

Appeal from the Jackson Circuit Court.—*Hon. John W.
Henry,* Judge.

AFFIRMED S1.

*Downs, Guthrie & Downs* for appellants.

(1) Judgment in favor of plaintiffs was error because
there was no agreement between defendants and its traveling
salesman whereby it authorized him to obtain any of his ex-
penses upon credit or have the same charged to them or that
they would be in any way responsible therefor. Nicholson
v. Peas, 61 Vt. 534; Covington v. Newberger, 99 N. C.
523. (2) The judgment in this case is error for the reason
that defendants' agent neither represented that he had au-
thority to bind defendants for his expenses, nor in any man-
ner exercised, or attempted to exercise, any such authority.
Even if the agent had any such authority it will be necessary

to communicate the same to plaintiff and to exercise the authority before it will become binding upon the plaintiffs. Sampson v. Singer, 5 S. C. 465. And the agent could not bind defendants by his statements, or by any exercise of an authority, if such statements were untrue, or if he had no such authority. Grover v. Polhemus, 34 Mich. 247. (3) The judgment in this case was error because no authority in Howell to bind defendants can be presumed from the fact that Howell was authorized to sell goods for defendants and stopped at plaintiff's hotel. Covington v. Newberger, 99 N. C. 523. (4) Plaintiffs can not recover in this case because it charged the expenses sued for to the defendants' agent, and did not know he was defendants' agent until he had been at the hotel "a few days;" and they did not write defendants except to see "if he represented them" and again to say "he was indebted to us." Plaintiff's manager says he charged this bill direct to the agent "on the basis that he was connected with that firm." (5) This cause must be reversed because the evidence does not show that the telegrams nor the express charges paid, had any connection whatever with defendants' business and it may have been telegrams to or from his wife and express on package to her.

*Lathrop, Morrow, Fox & Moore* for respondent.

(1) In extending credit to defendants, plaintiff had a right to rely on apparent authority of their agent. R. S. 1889, sec. 282. (2) The rule applies to commercial or traveling salesmen. Bentley v. Doggett, 51 Wis. 224; Huntley v. Mathias, 90 N. C. 101. (3) The application of the rule to hotel bills. Counsel for appellants say they are not able to find a single case where a hotel bill has been brought under its application. That, however, furnishes no reason for dispensing with the rule. The courts are daily called upon to

apply old principles to new facts and situations—to put "old wine into new bottles." Are board and lodging necessary to a traveling salesman, when hundreds of miles from his home? To put the question, merely, is a sufficient answer. Covington v. Newberger, 99 N. C. 523; Sampson v. Singer, 5 S. C. 465; Grover v. Polhemus, 34 Mich. 247; Nicholson v. Pease, 61 Vt. 534. (4) The contract between defendants and their agent. But, in addition to the implied authority, the agent had express authority to contract for this bill, payment to be made by defendants. They had put him in position to say to the hotels of the country, "I want accommodations; I am without funds myself, but my house has agreed to pay these bills. They are liable for them. They will send the money and you will be paid." In that case to whom does the hotel man extend credit? Certainly not to the agent. Who pays these bills? The defendants.

SMITH, P. J.—The plaintiff is a business corporation engaged in running the Midland Hotel in Kansas City. The defendants are a firm of merchants engaged in the wholesale whiskey business at Paducah, in the state of Kentucky.

The defendants employed one Al. Howell as a traveling salesman to solicit orders from the trade in this state for their whiskeys. The contract of employment made by the defendants with Howell was to the effect that, the latter was to make a trial trip in the territory already indicated and the former was to pay him for his services $125 per month and expenses not to exceed $8.50 per day. Howell was furnished with samples of the defendants' whiskeys and immediately thereafter came to Kansas City, where he became a guest of the plaintiff's hotel—occupying a room therein for sixteen days, for which a charge was made of $32. During the time he remained at plaintiff's hotel, the latter paid for him ninety cents for telegrams, four dollars and five cents for laundry

and sixty cents for express charges, the whole bill thus accruing amounting to $37.55.

Some days after Howell had become a guest of the plaintiff's hotel its manager learned that he was a traveling salesman, representing the defendant firm. On his departure, he stated to plaintiff's manager that he was going to Sedalia, and that if the check he was expecting should, by mistake, be sent him there that he would send it to him. The plaintiff, not receiving any check either from Howell or defendants, wrote a letter to the latter calling their attention to its bill and requesting payment thereof, to which they received no response.

The plaintiff then brought this action of attachment against the defendants, garnisheeing one Jones, a debtor of the defendants. The plaintiff had judgment and the defendants have appealed. The cause was tried before the court without a jury. No instructions were requested or given.

If the judgment of the court can be reconciled with the facts, which are undisputed and which are as we have stated them to be, and the law as applied to them, it should stand; otherwise, it should be reversed. It is not pretended that Howell had any express authority, under his contract of employment, from the defendants to incur or contract hotel bills on their credit. In Sampson v. Mfg. Co., 5 S. C. 465, it was said: "A contract binding the principal can not be presumed from the mere fact that an agent has obtained lodging at a hotel, while prosecuting the business of his principal * * *. The authority that the law presumes from the fact of an agency is measured by the direct objects contemplated by such agency, on the principle that one having power to perform an act, and imposing the performance on another as a duty, or conferring it as a right, must be deemed, where requisite, to have communicated power so to act commensurate with the duty or rights imposed or conferred.

"Supplies afforded for the personal use of an agent are not among the objects presumed to be included in the agency, but if related to it at all, are merely collateral to it. It follows that authority to procure such supplies, o nthe credit of the principal, is not to be presumed, nor will the law presume a contract in such a case, from the mere fact of furnishing such supplies. Two things are necessary to enable an agent to bind his principal: first, he must have authority for that purpose; second, he must duly exercise it."

A principal can not be held for indebtedness incurred in his name without authority by an agent, where he has never held the agent out as having such authority, or done anything to ratify the unauthorized act; and much less where the credit, as here, was originally given to the agent and not to the principal. An agent can not invest himself with authority so as to bind his principal by mere false statements to others with whom he deals as to the extent of his authority, for, if so, "the fortune of every man would rest on the veracity of his errand boy." Grover v. Mfg. Co., 34 Mich. 247. In Bentley v. Doggett, 51 Wis. 224, it was shown that it was necessary for the agent of defendants to have the use of horses and carriages in order to transact the business of the latter. The former was employed to travel about the country with samples of merchandise contained in trunks, which rendered it necessary to have teams and carriages for the transportation of his samples from place to place. The latter not having furnished the former with teams and carriages, it was held such former had a right to hire the same and to pay the hire out of the funds in his hands belonging to such latter. It was further held that if the agent neglected to pay for such hire out of the money in his hands furnished by the principals for that purpose, that his principals were liable therefore to the party furnishing such transportation; provided such party was ignorant, at the time

of furnishing the same, that the agent was provided with money and forbidden to pledge the credit of his principals. Such an agent has power to bind his principals by contract for such service to be paid in the usual way, and if he neglects to pay therefor, the principals must pay. And so it was held in the same case that such an agency includes the incidental powers necessary to carry out the purpose, and where it appeared that the agent hired the horses and teams in the course of the business intrusted to him, and for the benefit of his principals, the principals would be liable for the hire. Mechem on Agency, secs. 345, 346.

A traveling salesman, ordinarily, has no authority to contract for board on the credit of his employer. There might be a case where the agent, with the approval of his principal, was accustomed to make such contracts; then, of course, the principal, in such circumstance, would be liable. But here, the credit was primarily extended to the agent. There is not a semblance of proof that he was authorized by his principals to bind them for the board and lodging, or either, furnished by the plaintiff. No such authority is to be presumed from the employment of Howell. The plaintiff furnished the supplies on the individual credit of Howell. It did not even know at the time the latter was admitted as a guest into the hotel of the former that he was a traveling salesman of the defendants. Not until Howell had been in the plaintiff's hotel several days did its manager learn that he was the traveling salesman of defendants. It is clear from all the evidence that it did not occur to plaintiff that it would look to defendants for payment of Howell's bill until after the indebtedness had accrued, and until after Howell had neglected to discharge the same. The idea that the supplies had been furnished Howell on the credit of the defendants was in the nature of an afterthought. Something like twenty days after Howell came to the plaintiff's hotel, and

after his neglect to pay his hotel bill, the latter sent their bill, for supplies furnished Howell, to defendants for payment, but the latter took no notice of the same.

It seems from the evidence that Howell continued in defendants' service some time after that. They made several payments to him after the receipt of the plaintiff's bill and the question is, whether, under these facts, the defendants ought to be held liable? In the syllabus of a Vermont case (Nicholson v. Pease, 61 Vermont 534) it is stated: "A traveling salesman who is furnished with money by his principal to pay his traveling expenses while on the road, can not bind his principal for the payment of such expenses, if, before receiving notice from the party extending the credit, the employer has settled with such salesman, allowing him the amount of such expense." The converse of this proposition is, of course, true. It must be conceded in this case that the defendants allowed Howell for the amount of the expenses incurred by him while at the plaintiff's hotel. They allowed him for all his expenses, and more besides. The latter was provided with money to pay his traveling expenses, but neglected to apply the same in this instance. Accordingly, we must think, the defendants are liable for the thirty-two dollar item of plaintiff's account for use and occupancy of a room in its hotel.

But there remains three items for seven dollars and fifty-five cents for laundry, express, and telegrams, that, so far as there is any evidence to show, do not fall within the class of supplies for which defendants can be made liable in any view of the law. These items are not shown to have any relation to the business which was intrusted by the defendants to Howell. They are, so far as the evidence discloses, entirely personal. Howell could no more contract a laundry bill on the defendants' credit than he could bind one for the

purchase, for his own use, of a dozen shirts and collars. These items, on the showing made by the evidence, were not supplies for which defendants are liable.

If the plaintiff will, within ten days hence, file a remittitur for seven dollars and fifty-five cents, the amount of these three items, the judgment will be affirmed—otherwise it will be reversed and cause remanded.    All concur.