BONNAZZA *v.* JOSEPH SCHLITZ BREWING CO.

1. PRINCIPAL AND AGENT — AUTHORITY OF AGENT — MAKING
    LEASE.
    A corporation cannot be held liable for the rent of a building
    claimed to have been rented by its agent, it not being shown
    that the agent had such general authority as would authorize
    him to make the contract, or that he was specially author-
    ized.

2. USE AND OCCUPATION—LIABILITY—EVIDENCE—SUFFICIENCY.
    Liability for use and occupation does not arise from the fact
    that goods and fixtures belonging to defendant remained in
    plaintiff's building for a time, where it appears that they
    were there originally in possession of a third person as ten-
    ant, and there is no showing that defendant ever received
    possession from him.

Error to Gogebic; Shepherd, J., presiding. Submitted
November 11, 1908. (Docket No. 161.) Decided No-
vember 30, 1908.

Assumpsit by Dominic Bonnazza against the Joseph
Schlitz Brewing Company for rent. There was judgment
for defendant on a verdict directed by the court, and plain-
tiff brings error. Affirmed.

*Herb. M. Norris* and *George O. Driscoll,* for appel-
lant.

*George C. Foster* and *M. M. Riley,* for appellee.

MOORE, J. In April, 1904, the plaintiff bought of
Charles Leader a building in Ironwood, occupied in part
as a saloon by one Marketti. Possession was to be given
the plaintiff May 1, 1904. It is his claim that Mr. Fred
Horn was the agent of defendant, and on the 30th of April,
1904, rented the saloon of plaintiff for defendant for one
year from May 1st at a rental of $35 a month. It is also

his claim that, when he purchased the building, the saloon fixtures therein belonged to defendant, and that they remained in the building some months after the 1st of May, 1904. He sued to recover for 12 months' rent, and also claimed that, if he failed to show he was entitled to this rent, in any event, he was entitled to recover for use and occupancy during the time the fixtures were in the building. No testimony was introduced on the part of the defendant. At the close of the testimony for the plaintiff, the defendant asked the judge to direct a verdict in its favor. In response thereto the judge said:

"I fail to find in the evidence any fact that would tend to show that the defendant company had exercised actual ownership over this building in question. There is some testimony that they owned the property that remained there, but they do not seem to have disturbed its possession in any way for a long time, do not seem to have done anything actively towards taking possession of the property. The property remained, for all the testimony shows, in the legal possession of Marketti. There is no evidence to show that the possession of any of the personal property ever passed from Marketti to the defendant, and I think that would be the only ground upon which the plaintiff could go to the jury that the defendant had had the benefit of the use and occupation of the property. I think I will take the case from the jury and direct a verdict for the defendant. Gentlemen of the jury, the plaintiffs have rested their case, and it appears to the court that the evidence of any contract on the part of the defendant is deficient in the fact that there is nothing to show either that Mr. Horn had such general authority as would authorize him to enter into this alleged contract, or that he was specially authorized by the defendant company to enter into the contract. The evidence being deficient in that respect, I have concluded that there is nothing for the jury to decide. You will therefore say that you find no cause of action."

The case is brought here by writ of error.

We have read the briefs of counsel and every word of the testimony with great care. While the record does show that for some purposes Mr. Horn was the agent for

defendant company, we agree with the circuit judge that there is a failure to show that he was authorized to make the contract sued upon. See *Grover & Baker Sewing Machine Co.* v. *Polhemus*, 34 Mich. 247; *Hirshfield* v. *Waldron*, 54 Mich. 649; *Bond* v. *Railroad Co.*, 62 Mich. 643; *Ironwood Store Co.* v. *Harrison*, 75 Mich. 197. It is proper to add, when plaintiff wrote defendant in July, claiming rent, that it at once denied having rented the saloon.

We also agree with the circuit judge that there is a failure to show such use and occupancy as would make defendant liable.

Judgment is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MCALVAY, JJ., concurred.