WARD v. DUNNEBECKE.

1. PRINCIPAL AND AGENT — EVIDENCE — ADMISSIONS—EXISTENCE OF RELATION.

Authority of one person to contract for another cannot be proved by admissions or statements of the alleged agent, whose authority must be determined from or by acts of his principal and not by his representations or doings.

2. SAME—EVIDENCE.

Accordingly, where the only evidence of agency was that the defendant and the agent lived side by side, and the latter directed a walk to be constructed upon the property of the defendant while defendant was ill, and where it appeared that he was able to observe part of the work

but made no objection thereto, the agent testifying that he had not been authorized to order the walk built, there was no such evidence of the existence of the relation of principal and agent as to charge the owner with the contract price for the work.

Error to Wayne; Codd, J. Submitted January 14, 1915. (Docket No. 100.) Decided March 18, 1915.

Assumpsit in justice's court by Everett E. Ward against Margaret Dunnebecke, administratrix of the estate of Anthony Dunnebecke, deceased, for the price of certain work and materials under a special contract. From a judgment for plaintiff, defendant appealed to the circuit court where judgment was entered for defendant on a verdict directed by the court. Plaintiff brings error. Affirmed.

*R. S. Woodliff,* for appellant.
*May & Dingeman,* for appellee.

BROOKE, C. J. This case was started in the justice's court. The plaintiff, a contractor, was requested by one Petrie, son-in-law of Anthony Dunnebecke, deceased, to look at some work. He arrived at an agreement with Petrie for the construction of a cement walk, the contract price of which was to be $80. Plaintiff did some preliminary work, but cold weather set in, and he had to discontinue the work for a period of about three weeks. In the meantime, Petrie had the work finished by another contractor. The walks in question were constructed in front of the residence of Dunnebecke. During the time of the preliminary work the deceased was very ill at his home. Testimony was introduced, however, showing that deceased was able on a few occasions to see the work in progress. After the work was completed by the second contractor, plaintiff brought this action against the estate of Anthony Dunnebecke for the original

contract price. The defendant pleaded the general issue and gave notice of set-off and recoupment for 680 feet of sidewalk amounting to $74.80. The justice of the peace rendered a judgment in favor of plaintiff for the entire sum with costs. On appeal to the circuit court, the judge directed a verdict for defendant of no cause of action, and awarded defendant costs.

The only question in this case to be determined is whether Petrie was the authorized agent of Dunnebecke in this transaction.

The evidence contained in the record shows that Dunnebecke and Petrie lived side by side. Petrie testified that he had never been authorized by the deceased to make a contract for the construction of this walk. The only point on which plaintiff can rely that the deceased authorized Petrie to have the walk constructed is that the deceased did nothing to prevent the performance thereof, and that his failure to do any act to prevent the work impliedly ratified the acts of Petrie.

It is elementary that the authority of one person to contract for another cannot be proven by the declarations or admissions of an alleged agent. *Bacon* v. *Johnson,* 56 Mich. 182 (22 N. W. 276); *Ironwood Store Co.* v. *Harrison,* 75 Mich. 197 (42 N. W. 808); *Swanstrom* v. *Improvement Co.,* 91 Mich. 367 (51 N. W. 941); *Fontaine, etc., Electrical Co.* v. *Rauch,* 117 Mich. 401 (75 N. W. 1063); *Coldwater National Bank* v. *Buggie,* 117 Mich. 416 (75 N. W. 1057); and *Gore* v. *Assurance Co.,* 119 Mich. 136 (77 N. W. 650).

The authority of an agent must be determined by the acts of the principal, and not by those of the agent. *Wierman* v. *Sugar Co.,* 142 Mich. 422 (106 N. W. 75).

The judgment is affirmed.

MCALVAY, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.