STOLT *v.* SHALOGIAN.

1. TRIAL—NONJURY CASE—MOTION FOR ENTRY OF JUDGMENT AT CLOSE OF PLAINTIFF'S PROOFS.

> In nonjury case the trial court must base his decision on defendant's motion for entry of judgment against plaintiff at close of plaintiff's proofs on the status of the proofs and pleadings at that time.

2. AUTOMOBILES—GUEST PASSENGERS—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT—EVIDENCE.

> In order to establish gross negligence or wilful and wanton misconduct within the guest passenger act, it is necessary for plaintiff to show that defendant who knew of curves in the road continued to drive in reckless disregard of known and dangerous conditions after knowledge of the same (CL 1948, § 256.29).

3. SAME—SPEED—CURVES—NEGLIGENCE—WILFUL AND WANTON MISCONDUCT—GUEST PASSENGER ACT.

> Whether a turn of the road can be made with reasonable safety at any particular speed depends upon the character and condition of the road and the skill of the driver and no line can be drawn in advance as to whether mere speed in making a turn departs from negligence and becomes wilful and wanton misconduct within the meaning of the term as used in the guest passenger act (CL 1948, § 256.29).

4. SAME—SPEED—CURVES—NEGLIGENCE—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT.

> Under evidence showing that defendant had been over road with

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 53 Am Jur, Trial, § 1126.
[2–4] 5 Am Jur, Automobiles, §§ 240, 241, 243.
[2–4] What constitutes gross negligence or the like within statute limiting liability of owner or operator of automobile for injury to guest. 74 ALR 1198; 86 ALR 1145; 96 ALR 1479.
[2–4] Gross negligence, recklessness, or the like, within "guest" statute or rule, predicated upon manner of operating car on curve or hill. 136 ALR 1270.

3 curves in it as a passenger but once before driving on it on trip in which plaintiff was injured as car left the road while on the third and sharpest curve and after speed had been increased from 35 or 40 miles an hour up to 47 miles per hour, the testimony did not present an issue of fact as to whether or not the driver was guilty of gross negligence or wilful and wanton misconduct under the guest passenger act (CL 1948, § 256.29).

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 5, 1949. (Docket No. 27, Calendar No. 44,410.) Decided December 8, 1949.

Case by George Stolt, Jr., by his next friend, against Oscar Shalogian, by his next friend and another, for personal injuries alleged to have been sustained through gross negligence or wilful and wanton misconduct. Judgment for defendants. Plaintiff appeals. Affirmed.

*Frank C. Alexander (Carl T. Storm*, of counsel), for plaintiff.

*Van Winkle & Van Winkle (Thomas L. Conklin*, of counsel), for defendants.

SHARPE, C. J.  This is an action for damages sustained by plaintiff while he was a guest passenger of Oscar Shalogian, driver of the truck. Defendant Aram Shalogian is Oscar's father and owner of the truck.

The accident happened about 7:45 p. m., on May 29, 1940, in Ecorse township, Wayne county, Michigan. In the afternoon of the day in question, 6 high school boys including plaintiff and defendant Oscar Shalogian went from school to the Detroit river to practice rowing at the Ecorse Boat Club. When through rowing they started home with defendant in his 1937 Ford pickup truck, 3 riding in

front in the cab and 3, including plaintiff, in the truck box, behind the cab. Defendant had been over the road once as a passenger. He knew where the boys lived and had been to plaintiff's house. From the boat club, defendant drove about 35 to 40 miles per hour. The road was of gravel construction for about a mile where the accident happened. In this mile of gravel road there were 3 curves, 2 of which were gradual and the third curve, where the accident happened, had an angle of 75 degrees, or nearly a right angle. The second curve is approximately 300 feet from the third curve and the third curve can be seen in daylight for a distance of 500 to 600 feet. When defendant was from 150 to 200 feet from the third curve he speeded up the car to 47 miles per hour. The car had proceeded about 30 feet around the final curve when it slid and turned over on its side. As a result of the accident plaintiff was severely injured.

The cause came on for trial and at the conclusion of plaintiff's case defendants' counsel moved for entry of judgment for defendants and against plaintiff for the reason that "plaintiff has failed to prove that the driver of the automobile was guilty of gross negligence or wilful or wanton misconduct."

The trial court, in granting the motion said:

"The court will find that that is a fact in this case; that the defendant was not guilty of any gross, wilful or wanton negligence in driving this truck."

Subsequently, plaintiff moved for a new trial for the following reasons:

"1. Because the court erred in directing a verdict therein for defendant;

"2. Because the court erred in sustaining objection to the following question—'In what respects have changes been made, Oscar?'

"3. Because the court erred in sustaining objection to the following question—'By means of that can you accurately determine the per cent. of curve of a road?'

"4. Because the court erred in sustaining objection to the following question—'What did they tell you there?'

"5. Because the court erred in sustaining objection to the following question—'Now, did you ever, after the accident, contribute any money to the family expense, in reimbursement of the medical expenses that your father was put to?'"

This motion was denied and plaintiff appeals. When the motion for entry of judgment against plaintiff was made at the close of plaintiff's proofs it became the duty of the trial court to base his decision on the status of the proofs and pleadings at that time, see *Snyder* v. *Johnson*, 264 Mich 286, and this is so even though the case was tried without a jury. *Hilliker* v. *Jewel Oil & Gas Co.* (on rehearing), 277 Mich 615.

In addition to the facts heretofore related, the court had for consideration the testimony of a witness who testified: "At the time or just before he speeded up, Oscar said, 'Shall we try and skip it?' That was just before he speeded up, approximately 150 to 200 feet from the curve."

Plaintiff urges that the trial court was in error in failing to consider that gross negligence and wanton and wilful misconduct are synonymous. In our opinion the sole question presented on appeal is: Does the testimony, viewed in the light most favorable to plaintiff, present an issue of fact as to whether or not defendant Oscar Shalogian was guilty of "gross negligence or wilful and wanton misconduct" within the meaning of the guest passenger act (CL 1948, § 256.29 [Stat Ann § 9.1446]).

In *Rowe* v. *Vander Kolk*, 278 Mich 564, we said:

"A characteristic element in many, if not all, of the cases in which this Court has been held a question of fact was presented under the guest act is that there was continued persistency in defendant's course of misconduct after ample warning, or after it became apparent that continuance of such misconduct would result in injury to the defendant's guests."

In *Rogers* v. *Merritt,* 307 Mich 459, the plaintiff was a guest passenger in an automobile driven by defendant's decedent. The testimony indicated that the driver operated the car at a high rate of speed, especially around a curve, that he drove on the wrong side of the highway, that he disregarded the protests of his passengers, and finally collided with a vehicle approaching from the opposite direction. In holding that the plaintiff was entitled to judgment on the verdict returned by the jury it was said:

"He (defendant) deliberately imperiled the safety and lives of plaintiff and his other guest passengers. His conduct involved more than a single act of negligence; it involved intentional, continued, and persistent acts of negligence and recklessness, the obvious and apparent result of which was the accident in question. In determining whether or not decedent was guilty of wilful and wanton misconduct, the jury could properly consider his reckless state of mind and also his persistently reckless course of conduct during the trip from Midland to the point of the accident."

In order to establish "gross negligence or wilful and wanton misconduct" under the circumstances of this case it is necessary for plaintiff to show that defendant continued to drive in reckless disregard of known and dangerous conditions after knowledge of the same.

In *Bobich* v. *Rogers,* 258 Mich 343, quoted with approval in *Riley* v. *Walters,* 277 Mich 620, 632, we said:

"Whether a turn of the road can be made with reasonable safety at any particular speed depends, of course, upon the character and condition of the road and the skill of the driver. We cannot draw a line beyond which mere speed in making a turn departs from negligence and becomes wilful and wanton misconduct."

In the case at bar defendant had made 2 curves at a speed of 35 to 40 miles per hour and increased his speed to 47 miles per hour in making a sharper turn where the car turned over and injured plaintiff. There is no evidence of a continued course of misconduct after ample warning. The most that can be said is that defendant was guilty of ordinary negligence. The testimony did not present an issue of fact as to whether or not defendant Oscar Shalogian was guilty of gross negligence or wilful and wanton misconduct.

The judgment is affirmed, with costs to defendants.

Bushnell, Boyles, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.