DAVID *v.* SERGES.

1. PRINCIPAL AND AGENT—ACT IN EXCESS OF AUTHORITY—RATIFICATION.

    The act of an agent purporting to act for his principal but in excess of his actual or apparent authority will bind the principal who ratifies it.

2. SAME—RATIFICATION.

    Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur 2d, Agency § 183.
[2, 3] 3 Am Jur 2d, Agency § 160.
[4] 3 Am Jur 2d, Agency §§ 175–177.
[5] 3 Am Jur 2d, Agency § 352.

3. SAME—AFFIRMANCE.

Affirmance is either a manifestation of an election by one on whose account an unauthorized act has been done to treat the act as authorized or conduct by him justifiable only if there were such an election.

4. SAME—RATIFICATION—DIRECT BENEFITS.

The receipt of direct benefits by the ratifying principal lends plausibility to an allegation of ratification and may in itself constitute ratification, but is not a *sine qua non* of ratification.

5. SAME—RATIFICATION—EVIDENCE.

Order granting defendant's motion for judgment of no cause of action which motion had been made when plaintiff rested his case and before defendant had done likewise, *held*, error, where plaintiff, suing for money lent, testified defendant's managing agent had borrowed $3,500 upon defendant's behalf and for use in defendant's retail meat market business, that defendant himself had repaid $200 and on several occasions had stated the full sum would eventually be paid, since the trial court was required to consider defendant's motion as if it had been a motion for a directed verdict made at the conclusion of plaintiff's proofs in a trial to a jury and examine plaintiff's proofs in the light most favorable to plaintiff as plaintiff had prima facie established ratification.

DETHMERS, KELLY, and O'HARA, JJ., dissenting.

Appeal from Genesee; Baker (John W.), J. Submitted February 4, 1964. (Calendar No. 23, Docket No. 50,303.) Decided September 2, 1964.

Action by T. G. David against Steve Serges, doing business as Gracelawn Meat Outlet, for money loaned. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Draper, Mansour, Daniel, Sordyl & Ruhala (Anthony J. Mansour,* of counsel), for plaintiff.

*Frank L. Talkow,* for defendant.

SOURIS, J. When an agent purporting to act for his principal exceeds his actual or apparent author-

ity, the act of the agent still may bind the principal if he ratifies it. The Restatement of Agency (2d), § 82, defines ratification thusly:

"Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him."

"Affirmance" is defined in section 83 of the Restatement:

"Affirmance is either

"(a) a manifestation of an election by one on whose account an unauthorized act has been done to treat the act as authorized, or

"(b) conduct by him justifiable only if there were such an election."

Although Michigan cases in which ratification has been discussed usually have involved receipt of direct benefits by the ratifying principal,[1] evidence of receipt of benefits, while it lends plausibility to an allegation of ratification and, indeed, may in itself constitute ratification,[2] is not a *sine qua non* of ratification. Paragraph (d) of the comment to section 82 of the Restatement, *supra,* discusses the matter in these terms:

"That the doctrine of ratification may at times operate unfairly must be admitted, since it gives to the purported principal an election to blow hot or cold upon a transaction to which, in contract cases, the other party normally believes himself to be bound. But this hardship is minimized by denying a power to ratify when it would obviously be unfair. See sections 88–90. Further, if the transaction is not ratified normally the pseudo-agent is responsible; if not, it is because the third party knew, or agreed

---

[1] See, *e. g., Langel* v. *Boscaglia,* 330 Mich 655 at 659.
[2] Such long has been the law in Michigan. See, *e. g., Bacon* v. *Johnson,* 56 Mich 182, 185.

to take the risk, of lack of authority by the agent. In many cases, the third person is a distinct gainer as where the purported principal ratifies a tort or a loan for which he was not liable and for which he receives nothing. This result is not, however, unjust, since although the creation of liability against the ratifier may run counter to established tort or contract principles, the liability is self-imposed. Even one who ratifies to protect his business reputation or who retains unwanted goods rather than defend a law suit, chooses ratification as preferable to the alternative."[3]

In this case the only testimony taken was plaintiff's, who testified that defendant's managing agent had borrowed from him $3,500 upon defendant's behalf and for use in defendant's business, a retail meat market. Plaintiff further testified that defendant subsequently had paid to him $200 on the alleged loan and had upon several occasions stated to plaintiff that the full sum would eventually be paid. With this testimony in the record plaintiff rested his case and defendant, without likewise resting, moved for a judgment of no cause on the theory that plaintiff had failed to prove a *prima facie* case.

The trial court erred in granting defendant's motion. Defendant not having rested, the procedural posture of the case then[4] was such that the court was

---

[3] *Cf. Texas Pacific Coal & Oil Co.* v. *Smith* (Tex Civ App 1939), 130 SW2d 425, 430, for a contrary view as to the necessity of receipt of "benefits" from the original transaction before an alleged ratification by oral agreement can be valid. We prefer the reasoning of the Restatement.

[4] The trial of this case and the ruling on defendant's motion occurred on December 28, 1962. Thus, the General Court Rules of 1963 were not yet in effect. Under GCR 1963, 504.2 defendant in a nonjury trial may move for dismissal for failure to prove a cause of action at conclusion of plaintiff's evidence without waiving his right to offer evidence if the motion is denied. Furthermore, the court at such time may, as trier of facts, determine factual issues and render judgment against plaintiff or defer judgment until close of all evidence. See the comment to GCR 1963, 504.2 by the Joint Committee on Michigan Procedural Revision. [See Final Report, part 3, p 125 *et seq.*—REPORTER.]

required to consider defendant's motion as if it had been a motion for directed verdict made at conclusion of plaintiff's proofs in a trial to a jury. *Stolt* v. *Shalogian,* 326 Mich 435, and *Schian* v. *Bierlein,* 369 Mich 219. Only if plaintiff's testimony, viewed in its most favorable light, could be said to be insufficient as a matter of law to support a judgment in his favor would the judgment of no cause be permissible under our former practice.

Even if borrowing money were not within the agent's actual or apparent authority, plaintiff's evidence, viewed favorably, was legally sufficient to establish defendant's liability for the alleged loan upon a theory of ratification. Thus, plaintiff's evidence was sufficient to require defendant to be put to his proofs.

Reversed and remanded. Costs to plaintiff.

KAVANAGH, C. J., and BLACK, SMITH, and ADAMS, JJ., concurred with SOURIS, J.

DETHMERS, J. (*dissenting*). I am not in accord with Mr. Justice SOURIS' position that, in this law action, tried by the judge without a jury, when defendant moved, at the conclusion of plaintiff's proofs, that the action be dismissed for failure to prove his liability, the judge was required to view the evidence in the light most favorable to plaintiff. I concede that the controlling opinion in *Schian* v. *Bierlein,* 369 Mich 219, lends support. I did not agree with it when handed down and do not now. *Stolt* v. *Shalogian,* 326 Mich 435, cited therein and containing language seemingly in support, did not actually decide this question but only that the proofs to be considered on review were those which had been adduced prior to defendant's motion for judgment in his favor and not those afterwards received.

In a jury trial a question involved in a motion for directed verdict is whether the opposite party would thereby be deprived of his constitutional right to jury determination of a question of fact if one has been presented by the proofs viewed in the light most favorable to him. When a jury is waived, or not demanded, and the judge sits as trier of the facts, no sensible reason, and certainly no constitutional involvement, exists for splitting the judge into 2 entities, one as determiner of the facts and the other of the law, and then applying different rules, on review, as to the manner in which the evidence is to be viewed, depending on whether his honor is thought to have made his decision in his former or his latter role. When a judge sits in a nonjury law case, he is the trier of the facts. When, as such, he decides, at the conclusion of plaintiff's proofs, that plaintiff has not proved defendant's liability, he has decided a fact question. It matters not what terminology defendant happened to employ in his motion for judgment in his favor, nor whether he has rested or intends, after denial of the motion, to go on with his proofs. Accordingly, plaintiff's proofs on which the trial court has based his decision must be viewed not in the light most favorable to either party but only as to whether they clearly preponderate against the trial court's finding of fact and decision.

I recognize, as pointed out in Justice SOURIS' opinion, that under GCR 1963, 504.2, effective after the date of trial herein, the problem here discussed may not again arise. For this case and others similarly situated, however, I must register a dissent from the idea that when, prior to the effective date of that rule, defendant had made his motion for judgment of no cause in this nonjury case "the procedural posture of the case" was the same as in a jury case upon defendant's motion for a directed verdict. I disagree that defendant should have been "put to his proofs".

If the testimonial record, at the conclusion of plaintiff's proofs, was such that the trial judge could and did find, as a fact, that no liability on defendant's part had been established by a preponderance of the evidence, defendant was entitled, without benefit of the new rule, to the grant of his motion then made for entry of a judgment of no cause, without his putting in any proofs whatsoever.

The judgment should be affirmed. Costs to defendant.

Kelly and O'Hara, JJ., concurred with Dethmers, J.