# STATE OF MICHIGAN

# COURT OF APPEALS

U.S. BANK NATIONAL ASSOCIATION,

      Plaintiff-Appellee,

v

JEFFREY KLEMM, and HUNTINGTON
NATIONAL BANK,

      Defendants,

and

LORI KLEMM,

      Defendant-Appellant.

UNPUBLISHED
November 18, 2014

No. 317235
Allegan Circuit Court
LC No. 12-049873-CH

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

In this foreclosure dispute, defendant Lori Klemm appeals by right the trial court's order granting summary disposition in favor of plaintiff, U.S. Bank National Association, and entering a judgment of foreclosure against her interest in the real property at issue.[1] Because we conclude there were no errors warranting relief, we affirm.

Jeffrey and Lori Klemm, who were married, purchased real property in Saugatuck, Michigan. In April 2005, Jeffrey Klemm executed a note that was secured by a mortgage on the property. Jeffrey executed the mortgage on his wife's behalf under a power of attorney whose authenticity his wife later disputed. Jeffrey and Lori used the proceeds to pay off an existing note and mortgage on the property that they had both executed. The note and mortgage at issue were eventually assigned to U.S. Bank.

---

[1] U.S. Bank sued defendant Huntington National Bank to establish that its security interest had priority over a security interest held by Huntington Bank on the same property. Jeffrey Klemm and Huntington Bank are not parties to this appeal.

In March 2012, U.S. Bank sued for judicial foreclosure under the note and mortgage. U.S. Bank alleged that Jeffrey Klemm defaulted on the note by failing to make monthly payments from June 2009 and that, under the terms of the mortgage, it had the right to foreclose against the property.

Jeffrey Klemm admitted in his pleadings that he executed the note and mortgage and subsequently failed to make monthly payments as required under the note. But Jeffrey and Lori Klemm alleged that when Jeffrey Klemm executed the mortgage on his wife's behalf he did not have written authority to do so. Accordingly, they argued, the mortgage was invalid.

In April 2013, U.S. Bank moved for summary disposition under MCR 2.116(C)(9) and MCR 2.116(C)(10). It argued that it was entitled to summary disposition as to Jeffrey Klemm under MCR 2.116(C)(9) because he conceded that he executed the note and mortgage and failed to make the required payments. With regard to Lori Klemm's interest in the property and the validity of the mortgage, U.S. Bank argued that it was entitled to summary disposition under MCR 2.116(C)(10) because the undisputed evidence showed that, even if Lori Klemm did not validly authorize her husband to execute the mortgage on her behalf in April 2005, she subsequently ratified his acts. The trial court agreed that Jeffrey Klemm had no defense and determined that the undisputed evidence showed that Lori Klemm ratified the mortgage. Consequently, it granted U.S. Bank's motion for summary disposition.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Under MCR 2.116(C)(10), summary disposition of all or part of a claim or defense may be granted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden*, 461 Mich at 120. In reviewing a motion under MCR 2.116(C)(10), this Court must "determine whether there exists a genuine issue of material fact on which reasonable minds could differ or whether the moving party is entitled to judgment as a matter of law." *Gibson v Neelis*, 227 Mich App 187, 190; 575 NW2d 313 (1997). We consider the "entire record in the light most favorable to the party opposing the motion . . . ." *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

On appeal, Lori Klemm argues the trial court erred when it determined that the undisputed evidence showed she ratified the April 2005 mortgage. " 'Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him.' " *City Nat'l Bank of Detroit v Westland Towers Apartments*, 152 Mich App 136, 142-143; 393 NW2d 554 (1986), quoting *David v Serges*, 373 Mich 442, 444; 129 NW2d 882 (1964), quoting 1 Restatement Agency, 2d, § 82, p 210. An affirmance for purposes of ratification is " '(a) a manifestation of an election by one on whose account an unauthorized act has been done to treat the act as authorized, or (b) conduct by him justifiable only if there were such an election.' " *City Nat'l Bank of Detroit*, 152 Mich App at 143, quoting *David*, 373 Mich at 444, quoting 1 Restatement Agency, 2d, § 83, p 212. "Ratification may be express or implied,

so long as there is knowledge of the material facts relating to the initial contract." *Apfelblat v Nat'l Bank Wyandotte-Taylor*, 158 Mich App 258, 262; 404 NW2d 725 (1987).

Lori Klemm argues on appeal that the evidence showed she did not have knowledge of the material facts concerning the April 2005 mortgage and, therefore, her subsequent actions could not ratify the mortgage. However, before U.S. Bank sued to foreclose in March 2012, Lori Klemm petitioned for bankruptcy. In her petition, she stated that she knew about the April 2005 mortgage and considered herself a codebtor. She also listed U.S Bank as a secured creditor, listed the amount outstanding on the note, and stated that it was her intent to surrender the property. Accordingly, the evidence showed that Lori Klemm was aware of the material facts related to the mortgage executed on her behalf.

Further, Lori Klemm's assertions in her bankruptcy petition showed that she had elected to treat the April 2005 mortgage as authorized. Additionally, less than three months after her husband signed the mortgage on her behalf, Lori Klemm went to the title company and signed a new power of attorney, giving Jeffrey Klemm authority with respect to mortgages on the property. Although it is unclear when she learned the specific details concerning the note and mortgage, the evidence showed that Lori Klemm eventually became aware of the material terms related to the note and mortgage and took steps to ensure that the process was complete by signing the new power of attorney. She also continued to live at the property and considered herself a co-owner, which was only possible because the proceeds from the April 2005 note and mortgage were used to pay off a prior note and mortgage. Given the undisputed evidence that Lori Klemm took actions to affirm her husband's acts, the trial court did not err when it determined that she ratified the mortgage. *City Nat'l Bank of Detroit*, 152 Mich App at 142-143.

The trial court properly granted summary disposition in U.S. Bank's favor regarding Lori Klemm's interest in the property at issue. *Maiden*, 461 Mich at 118.[2]

There were no errors warranting relief.

Affirmed. As the prevailing party, U.S. Bank may tax its costs. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

---

[2] Given our resolution of this issue, we decline to consider U.S. Bank's alternate bases for affirming.