# STATE OF MICHIGAN

# COURT OF APPEALS

SAWGRASS RIDGE CONDOMINIUM
ASSOCIATION,

        Plaintiff-Appellee,

v

LOUIS J. ALARIE,
MARILYN F. ALARIE

        Defendants-Appellants.

UNPUBLISHED
January 9, 2018

No. 335144
Genesee Circuit Court
LC No. 15-104793-CH

Before: METER, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Defendants appeal the trial court decision granting summary disposition to plaintiff pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). For the reasons set forth below, we reverse.

Sawgrass Ridge Condominium ("the Condominium") is a condominium community in Grand Blanc Township, Michigan, established pursuant to and governed by the recorded Master Deed, Bylaws, and Condominium Subdivision Plan for the condominium and subsequent amendments. Plaintiff Sawgrass Ridge Association is the association of the co-owners of the condominium that operates the condominium. Defendants own a condominium unit with an attached deck in the community.

Plaintiff alleges that defendants violated the condominium bylaws by modifying their deck without the written approval of the Board of Directors.[1] Plaintiff also alleged that the

---

[1] Article VI, Section 2 of the Condominium Bylaws provides for written approval of the Board of Directors for any alterations or structural modifications in the condominium and states as follows:

> No co-owner shall make alterations in the exterior appearance or make structural modifications to any unit (including interior walls through or in which there exist easements for support or utilities) or make changes in any of the common elements, limited or general, without the express written approval of the

-1-

modifications to the deck did not comply with the requirements of the condominium documents and bylaws. MCL 559.103(10) defines "condominium documents" as "the master deed, recorded pursuant to this act, and any other instrument referred to in the master deed or bylaws which affects the rights and obligations of a co-owner in the condominium."[2]

Plaintiff filed a motion for summary disposition. In their response, defendants contended that plaintiff's suit should be dismissed on the ground that they failed to obtain the prior approval of the co-owners as required by the bylaws. Plaintiff argued, and the court concluded, that the suit was proper because the board of directors had provided prior authorization, and a majority of co-owners ratified that decision by signing a "consent resolution form" after suit was filed. The consent resolution stated that the signatories ratified the board's decision to file suit and waived "formal meeting and notice of the meeting for the consideration and adoption of the above resolution and corporate action." After consideration of the parties' arguments and the record, we conclude that the ruling constituted legal error and that this suit was not authorized as required by plaintiff's bylaws.

"Pursuant to the Condominium Act, the administration of a condominium project is governed by the condominium bylaws." *Tuscany Grove Ass'n v Peraino*, 311 Mich App 389, 393; 875 NW2d 234 (2015); MCL 559.153. Condominium bylaws are attached to the master deeds and are the "required set of bylaws for the condominium project." MCL 559.103(9). The Condominium master deed and incorporated bylaws, MCL 559.108, is in the nature of a contract between condominium owners and the condominium association. See *Rosswood v Brentwood Farms Dev, Inc*, 251 Mich App 652, 656-658; 651 NW2d 458 (2002). Therefore, we determine the intent of the parties by reference to the language of the bylaws, to which we apply the words' ordinary meaning while avoiding any construction that would render any of it nugatory. See *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 367; 817 NW2d 504 (2012); *Altman v Meridian Twp*, 439 Mich 623, 635; 487 NW2d 155 (1992).

Article III section 4 of the condominium bylaws requires the prior approval of the co-owners before the commencement of lawsuit. It provides:

> Any civil action proposed by the Board of Directors on behalf of the Association, other than for the collection of delinquent assessments, *shall be subject to prior approval of a majority of the co-owners*. After the first annual

---

Board of Directors' including, but not limited to, exterior painting or the erection of antennas, lights, aerials, awning, doors, shutters or other exterior attachments to common element walls between units which, in any way, impair sound conditioning qualifies of the wall. The Board of Directors may approve only such modifications as do not impair the soundness, safety, utility or appearance of the Condominium.

[2] Article III(F) of the Master Deed defines Condominium Documents to mean "this Master Deed and the Exhibits hereto, the Articles of Incorporation and the Corporate By-Laws of the Association."

meeting of the members of the Association, the forgoing percentage requirements shall be determined without regard to any units which may be owned by the Developer. [Emphasis added.]

In ruling for plaintiff, the trial court made two errors. First, it accorded significant weight to the fact that the board of directors of the condominium association authorized the lawsuit before it was filed. While correct, this fact is of little relevance since the bylaws provide that the prior approval of a majority of the *co-owners* is required, not the prior approval of *the board*. Second, the trial court did not apply the requirement that the co-owners give their authorization *prior* to the filing of suit. Instead, it concluded that the co-owners could do so after the fact.

The consent resolution form reads as follows:

*Pursuant to the provisions of the Michigan Nonprofit corporation act, 1982 PA 612, as amended* (the "Act"), permitting action by consent of the members of the nonprofit corporation without a formal meeting but by written consent, and *the provisions of Article I, Section 2(I) of the Bylaws of the Sawgrass Ridge Condominium Association,* the undersigned, being the majority of the members of the Sawgrass Ridge Condominium Association, thereby authorize the Board of Directors to maintain a civil action in Genesee County Circuit Court against [defendants] . . ., and all other proper defendants for the enforcement of the bylaws and other condominium documents against those defendants regarding unauthorized changes to the deck and other common elements attached to and/or appurtenant to Unit 26 of Sawgrass Ridge Condominium . . .; and we hereby ratify the action of the board of directors and the association in commencing and maintaining the Pending Action against [Defendants].

We hereby waive formal meeting and notice of the meeting for consideration and adoption of the above resolution and corporate action. [Emphasis added.]

It is generally true that "[w]hen an agent purporting to act for his principal exceeds his actual or apparent authority, the act of the agent may still bind the principal if he ratifies it. . . [and that where it is so ratified], the act, as to some or all persons, is given effect as if originally authorized by him." *David v Serges*, 373 Mich 442, 444; 129 NW2d 882 (1964) (citation omitted). However, " '[i]f formalities are required for the authorization of an act, the same formalities are required for ratification.' " *Tuscany Grove Ass'n*, 311 Mich App at 240.

Article I, Section 2(I) clearly provides for such formalities, providing:

Unless otherwise provided, any action which could be authorized at a meeting of the members, *shall be authorized by any affirmative vote of more than fifty (50%) percent. The foregoing statement* and any other provision of the Master Deed, these By-laws or the corporate By-laws requiring the approval of a *majority* (or other stated percentage) of the members or co-owners *shall be construed to mean*, unless otherwise specifically stated, a majority (or other stated percentage) in number (and not value) *of the votes cast by those qualified to vote*

*and present in person or by proxy (or written vote, if applicable) at a given meeting of the members of the Association duly called and held.* [Emphasis added.]

Put simply, Article I, Section 2(I) provides that the vote of the co-owners must take place "during a meeting of the members of the Association duly called and held." It contains no provision for obtaining approvals by signatures as was done here.

Plaintiff does not claim that it called and held a meeting of the Association members. In her affidavit, the Secretary of the Association averred that she and another resident of the condominium, personally circulated the consent resolution form among the co-owners. The affidavit did not specify how the form was circulated or that it was circulated during a meeting "duly called or held." Accordingly, the co-owners' actions did not serve to ratify the lawsuit against defendants "because the [consent resolution] did not satisfy the formalities necessary to authorize litigation through affirmative vote." *Tuscany Grove Ass'n*, 311 Mich App at 400-401 (holding that the plaintiff's action in obtaining approval of the lawsuit by petition did not ratify the litigation where the language of the pre-litigation voting provision envisages voting at a meeting with the required quorum).

Lastly, we consider the Michigan Nonprofit Corporation Act, specifically MCL 450.2407(3), which was cited in the consent resolution. It provides in pertinent part:

(3) Any action the shareholders or members are required or permitted by this act to take at an annual or special meeting may be taken without a meeting, without prior notice, and without a vote, if before or after the action all the shareholders or members entitled to vote on the action or their proxies consent to the action in writing. . . .

At first blush, there may seem to be a conflict between MCL 450.2407(3) and Article I, Section 2(I) of the bylaws. However, the language of the bylaws controls as the provisions of the Michigan Nonprofit Act are to be "liberally construed" and allow for "variations and modifications . . . as interested parties in any corporation may agree on . . . ." MCL 450.2103(b). MCL 559.153 also provides that "[t]he administration of a condominium project shall be governed by bylaws recorded as part of the master deed, or as provided in the master deed. . . ." Here, Article I, Section 2 provides that "voting by members of the Association *shall* be in accordance" with the provisions of the bylaws set out in that Article. Nothing in the bylaws allows for any action, taken without a meeting, to occur by consent vote. Rather, the bylaws require that voting "may be cast . . . at a given meeting." Article I, Section 2(H). The only provision allowing for "any affirmative vote of more than fifty (50%) percent" requires such votes to be cast in a meeting, which was not complied with in this case.

Accordingly, we reverse the trial court's decision and remand for further proceedings.[3] We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Douglas B. Shapiro

---

[3] We make no comment on the merits of plaintiff's suit; nor do we foreclose plaintiff from refiling its suit provided it does so within the limitations period and has obtained prior authorization pursuant to the bylaws.