ARVO v. DELTA HARDWARE CO.

1. NEGLIGENCE—MOTOR VEHICLES—FAILURE TO DISPLAY LIGHT.
   Negligence of plaintiff's decedent in failing to have a light on the left side of his wagon, as required by Act No. 126, Pub. Acts 1921, would not preclude recovery for his death by collision unless said negligence contributed to the accident.[1]

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Whether decedent's failure to have a light on the left side of his wagon contributed to the accident, was properly submitted to the jury under evidence showing that the wagon was headed north when struck by defendant's automobile approaching from the east.[2]

3. SAME—HIGHWAYS AND STREETS—DUTY OF ONE TO LOOK BEFORE CROSSING INTERSECTION—PRESUMPTIONS.
   It is the duty of the driver of a vehicle about to make a left turn at a street intersection to look for the approach of a vehicle from the right before turning, and in the absence of proof to the contrary, it must be presumed that he did so.[3]

[1] Motor Vehicles, 28 Cyc. p. 38; [2] Id., 28 Cyc. p. 49; [3] Id., 28 Cyc. p. 47.

4. Same—Contributory Negligence in Crossing Intersection for Jury.

> If the driver of a wagon looked and did not see an automobile approaching a street intersection from the right, or if, having seen it, he believed he would have time to cross, his negligence, if any, in proceeding to cross was for the jury.[4]

5. Same—Meaning of Right of Way at Intersection.

> The law giving an automobile approaching an intersection from the right the right of way does not mean that all persons desiring to cross must await the passing of the approaching car, but means that if two cars meet at a crossing, that on the right is entitled to pass over it before the other.[5]

6. Same—Contributory Negligence—Presumptions.

> In the absence of direct evidence that the driver of a wagon could have seen an automobile approaching from the right, had he looked, or that it was then so close to the intersection that one exercising ordinary care would not have concluded that he could safely cross in front of it, there is no presumption that he was guilty of contributory negligence in attempting to cross.[6]

Error to Houghton; Stone (John G.), J. Submitted April 7, 1925. (Docket No. 18.) Decided June 18, 1925.

Case by Mary Arvo, administratrix of the estate of Oscar Arvo, deceased, against the Delta Hardware Company and another for the negligent killing of plaintiff's decedent. Judgment for plaintiff. Defendants bring error. Affirmed.

*G. R. Empson* and *Galbraith & McCormack,* for appellants.

*B. H. T. Burritt,* for appellee.

Sharpe, J. Plaintiff's decedent and his son, Hannes, were traveling east in a one-horse wagon used

---

[4]Motor Vehicles, 28 Cyc. p. 49; [5]Id., 28 Cyc. p. 34; [6]Id., 28 Cyc. p. 47.

for delivering milk on College avenue, in the village of Houghton, on the evening of September 5, 1922. Near 8 o'clock, they reached the intersection of College avenue and Lake street. A stop was here made, and the boy got out to deliver some bottles. The head of the horse was then about at the west curb of Lake street. The deceased then turned to the north on the west side of the intersection, and when his horse had passed off the avenue his wagon was struck by an automobile belonging to the defendant company and driven by one of its employees, the defendant Frasher. The wagon was thrown or pushed a distance of about 75 feet. Arvo sustained injuries from which he soon after died.

The plaintiff as administratrix of his estate brought this action to recover the damages incident to his injury and death. The declaration contained a count alleging ordinary negligence of the driver and one alleging after-discovered negligence. Defendants' motion for a directed verdict was taken under advisement and the cause submitted to the jury, who found in her favor on the first count in the sum of $4,440. A motion for judgment *non obstante veredicto* was overruled and judgment entered on the verdict. Defendants review the judgment by writ of error. The assignments relate to the refusal to enter judgment for defendants, to a paragraph of the charge as given, and to the refusal to give a request preferred by defendants.

1. The motion to direct was founded on the claim that deceased was guilty of contributory negligence as a matter of law. At the time of the collision, the deceased did not have a light displayed "in a conspicuous place on the left side" of his wagon, as required by Act No. 126, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 4865 [7, 8]). The trial court instructed the jury, in effect, that the failure of

the deceased to comply with the statute was negligence on his part. He, however, left it to the jury to determine whether there was any "causal connection between the statutory violation or the doing or omitting to do the act and the injury." This instruction but stated the law.

"The principle is, that to deprive a party of redress because of his own illegal conduct, the illegality must have contributed to the injury." 1 Cooley on Torts (3d Ed.), 269.

See, also, *Spencer* v. *Phillips & Taylor*, 219 Mich. 353; *Beebe* v. *Hannett*, 224 Mich. 88.

The night was dark and rainy. Whether a light on the left side of the wagon would have been visible to Frasher, after the deceased turned to the left to cross the street, was, we think, a question for the jury. *Beebe* v. *Hannett, supra; Martin* v. *Herzog*, 228 N. Y. 164 (126 N. E. 814, 20 N. C. C. A. 97).

2. When the deceased turned to cross the street, defendant's car was approaching from the east and on his right. It is urged that the car had the right of way under the statute and that deceased was guilty of negligence in attempting to cross in front of it. It was the duty of the deceased to look for the approach of a vehicle from the east before he attempted to cross the street. In the absence of proof to the contrary, it must be presumed that he did so. At about the time he started to cross, Frasher, as he testifies, had dimmed his lights to pass a car he was meeting. If the deceased looked and did not see the approaching car, or if, having seen it, he believed he would have time to cross before it reached the intersection, his conduct in proceeding presented a question as to his negligence for the jury. *Hickey* v. *Railway*, 202 Mich. 496, and cases cited. The law giving defendant's car the right of way does not mean that all persons desiring to cross must await the passing of

an approaching car. It simply means, as stated by the trial court, that if two cars meet at a crossing that on the right is entitled to pass over it before the other. See *Pline* v. *Parsons, ante,* 466, in which this question is discussed at length.

3. Defendants' counsel presented a peremptory request that under the testimony there was no presumption that deceased was free from contributory negligence. This was based on the holding in *Baker* v. *Delano,* 191 Mich. 204, that such presumption exists only in cases "where there is an absence of any direct evidence to the contrary" and the surrounding circumstances remain unexplained. There is no direct evidence that the deceased could have seen the approaching car had he looked, or that it was then so close to the intersection that a person exercising ordinary care would not have concluded that he could safely cross in front of it. The defendant Frasher testified that he did not see the wagon until he got within five feet of it.

The judgment is affirmed.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.