### O'GRADY v. RYDMAN.

1. AUTOMOBILES—PASSENGER FOR HIRE—CAR POOL.
   Evidence that plaintiff, passenger, and a defendant's decedent, motorist on the day in question, were 2 of 6 members of car pool each of whom drove every sixth day from village where they all lived to common place of work and thereby effected a saving to each of approximately $4 per week *held*, sufficient to support jury's finding that a passenger-for-hire relationship existed between members of the pool entitling plaintiff, admittedly free from contributory negligence, to recover from defendant owners of truck with which car in which plaintiff was a passenger collided when truck did not have lights as required by statute (CLS 1954, § 257.684).

2. SAME—NEGLIGENCE—PROXIMATE CAUSE—EVIDENCE—FAILURE TO LIGHT TRUCK—ATMOSPHERIC CONDITIONS.
   Finding of trial court that defendants were negligent in that their westbound truck headlights and clearance lights were not lighted at 7:15 a.m. on a foggy morning early in April, as required by law, and that such negligence was a proximate cause of collision with eastbound car in which plaintiff was a passenger in north portion of highway as it was attempting to

REFERENCES FOR POINTS IN HEADNOTES
[1] 5A Am Jur, Automobiles and Highway Traffic § 519.
[2] 5A Am Jur, Automobiles and Highway Traffic § 250.
[3] 15 Am Jur, Damages § 70 *et seq.*

pass another car, *held,* sustained by competent evidence (CLS 1954, § 257.684).

3. DAMAGES—PERSONAL INJURIES—EARNING CAPACITY.

Judgment of $24,000 to plaintiff *held,* not excessive, where he suffered injury to right elbow, fractured left hip, $4,730 loss of wages, $1,772.21 hospital and doctor bills, a permanent shortening of 1 leg, and will continue to suffer pain in the future and has a lessened earning capacity.

Appeal from Midland; Holbrook (Donald E.), J. Submitted October 10, 1956. (Docket No. 84. Calendar No. 46,983.) Decided February 28, 1957. Rehearing denied May 17, 1957.

Case by John E. O'Grady against Jack G. Rydman, administrator of the estate of Arthur C. Rydman, deceased, and Sam Isaacs and Louis Isaacs, doing business as Isaacs Brothers, for damages for personal injuries arising from automobile collision. Directed verdict for plaintiff. Defendants Isaacs appeal. Affirmed.

*Floyd E. Wetmore,* for plaintiff.

*Stanton, MacKenzie, Cartwright & Walker (H. Monroe Stanton,* of counsel), for defendants Isaacs.

SHARPE, J. Plaintiff John E. O'Grady began an action for damages for personal injuries sustained while riding with Arthur C. Rydman, deceased, as a passenger under a driving pool arrangement. On April 6, 1954, an automobile owned and driven by Arthur C. Rydman hit an on-coming truck head-on in a fog while attempting to pass another automobile. The collision occurred at about 7:15 a.m. It appears that Arthur C. Rydman, deceased, and 4 other men had been riding together for approximately 3 months, and did so as a result of an agreement to save car expense. For other facts relative to the

pool arrangement see *Collins* v. *Rydman,* 344 Mich 588.

At the time of the collision and injury plaintiff was 32 years of age and employed at the Dow Chemical Company in Midland, Michigan. Plaintiff was a passenger sitting in the back seat of the car driven by Rydman. Plaintiff was severely injured and brings this action to recover damages for such injuries. The cause came on for trial before a jury, and at the close of plaintiff's case, counsel for defendants Isaacs made the following motion for a directed verdict:

*"Mr. Stanton* (argument omitted): At this time, if the court please, the defendant[s] Isaacs desire to move for a directed verdict of no cause for action in this case for the following reasons: First, there has been no negligence shown on the part of Isaacs, which was the proximate cause of the accident. Second, that the burden of proof is on the plaintiff to prove freedom from contributory negligence, and it is our contention that he was guilty of contributory negligence because he was a part of this car pool, which is a joint enterprise, and under the law in this State the negligence of one joint venturer is imputed to the other joint venturer, and the facts in this case are very clear that the defendant Rydman is guilty of negligence, which would be imputed to O'Grady under my theory of the case."

Counsel for the estate of Rydman also made a motion for a directed verdict as follows:

*"Mr. Sheldon* (argument omitted): I have a motion for a directed verdict in favor of the Arthur C. Rydman estate to make at this time, based on the following reasons: No 1, the plaintiff has failed to produce any evidence, in my opinion, that there was a business arrangement, a contract for hire for transportation.

Decision on both motions was reserved by the trial court by virtue of its authority under the Empson act.* At the close of all testimony plaintiff's counsel made the following motion:

*"Mr. Wetmore:* May it please the court, at this time I would like to make a motion for a directed verdict in favor of the plaintiff. The purpose of this motion is, of course, to remove this question from consideration of the jury. We have here a very difficult and delicate question of law, several difficult questions of law. The facts are almost agreed on, and as I recall the motions of the defendants' counsel, there was no reservation of their right to go to the jury on this question, the plaintiff at this time would like the court to take this question and decide it both as to law and as to fact, I think thereby avoiding some possible difficulties in trying to explain this law to the jury."

The trial court thereupon instructed the jury to return a verdict of $24,000 in favor of plaintiff. Defendants Isaacs appeal and urge that there was no substantial evidence from which the court could find as a matter of fact that plaintiff was a passenger for hire while in the automobile of defendant Rydman.

We shall not devote much space in our answer to this issue as it was disposed of in *Collins* v. *Rydman, supra.* The same facts were there involved and our decision on that issue is the same in both cases.

It is urged by Sam and Louis Isaacs, doing business as Isaacs Brothers, that the sole cause of the accident and consequent injury to plaintiff was the act of plaintiff's driver in going onto the north one-half of the highway and into the path of Isaacs' vehicle; that it was not negligence to drive their truck at 30 miles per hour with only parking lights on. There is testimony in the record that visibility

---

* CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1955 Cum Supp § 27.1461 *et seq.*).—REPORTER.

at the time and place in question was limited to 40 or 50 feet. The trial court found as a fact:

"Visibility was very poor because of the atmospheric condition, that is, that the fog prevailing at the place and time in question was very thick, it was quite difficult to see and there is a statute which governs such situations, and that statute* the court will read to you: 'Every vehicle upon a highway within this State at any time from a half hour after sunset to a half hour before sunrise and a⁺ any other time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of 500 feet ahead shall display lighted lamps and illuminating devices as hereinafter respectively required for different classes of vehicles, subject to exceptions with respect to parked vehicles as hereinafter stated.' *. * *

"The court is also going to find the truck insofar as CLS 1954, § 257.688 (Stat Ann 1952 Rev § 9.2388), which required him to have 2 clearance lights on the front, 1 on each side, the testimony is undisputed that he did not have such lights, the court is going to find he was negligent in that regard as a matter of law, because the facts are undisputed that he did not have them, so now we come to the question of proximate cause. * * * Parking lights are small lights, possibly an inch, or an inch and a half in diameter, whereas headlights are large lights, the lights are maybe 6 or 8 inches in diameter and they have power behind them so the court feels that these headlights should have been on and these clearance lights should have been on, that would have made 4 lights on the front of this truck, and the court finds as a matter of fact that is negligence on the part of the defendant Isaacs, that it was a proximate cause, a proximate cause and concurring cause with the negligence of the driver of the defendant Rydman car, a concurring cause which caused the accident and resulting injuries. The court feels that the Rydman car

---

* CLS 1954, § 257.684 (Stat Ann 1952 Rev § 9.2384).—REPORTER.

driver could have seen the truck at a considerable greater distance had the lights been on, the headlights been on, headlamps as required by the law and if the clearance lights had been on, and the court is going to find that the plaintiff is not guilty of any contributory negligence."

There is competent evidence to support the findings of fact by the trial court to the effect that the failure of Isaacs Brothers to have their truck properly lighted was the proximate cause of the collision and resulting injuries.

It is also urged by Isaacs Brothers that a judgment of $24,000 in favor of plaintiff is excessive. The trial court found that plaintiff incurred the following items of expense in being partially restored to health: Midland Hospital Association, $928.31; St. Luke's Hospital, Saginaw, $302.90; ambulance service, $31; Dr. Hugh L. Sulfridge, $455; Dr. Stephen H. Randolph, $55. The trial court found that plaintiff had loss of wages and earning power from April 6, 1954, until April 27, 1955, 55 weeks at $86, $4,730. Plaintiff's expenses and loss of wages total $6,502.21. The trial court also found the following in connection with plaintiff's injury:

"This man suffered an injury to his elbow, his right elbow. He is a man right-handed, and he has suffered considerable from this injury and his left hip, I believe, was broken and he was incapacitated in the hospital for quite a considerable length of time, had to be set, had to undergo surgery, and he has had quite a bit of pain and suffering in this matter. The doctor says that he has 1 leg shorter than the other, it is going to give him difficulty in walking, he is not going to be able to walk as you and I walk, he is not going to be able to walk without pain, he is going to have the present pain that he now has in that hip and leg, the doctor believes, as long as he lives, and that may be for a considerable length of time because he

is a comparatively young man, and he was in good health, there is no question about that he was in good health on the day in question when he left the Coleman Hotel to go down this highway. We are going to have to figure that he is going to have pain for a considerable length of time."

We have repeatedly said that the amount allowed for pain and suffering rests in the sound judgment of the trier of the facts, see *Walrous* v. *Conor,* 266 Mich 397; and *Teeter* v. *Pugsley,* 319 Mich 508. When we consider the amount of money expended by plaintiff as a result of his injuries, the time in which he was unable to work, and his lessened ability to earn, we are convinced that the trial court was not in error in entering judgment for plaintiff in the sum of $24,000.

The judgment is affirmed, with costs.

DETHMERS, C. J., and SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred.

VOELKER, J., took no part in the decision of this case.