SCHIAN *v.* BIERLEIN.

1. TRIAL—NONJURY CASE—EVIDENCE—MOTION FOR JUDGMENT.

A trial court in a nonjury case is required to consider the evidence upon interposition of a motion for judgment in the same fashion as it would had there been a jury and a motion for directed verdict been made.

2. AUTOMOBILES—REAR-END COLLISION—TAIL LIGHTS—PROXIMATE CAUSE—EVIDENCE.

The testimony and favorable inferences therefrom in action under death act for damages for death of plaintiff's minor son resulting from collision of car in which the son was riding with rear end of defendant's tractor which did not have a red taillight displayed while being operated on the public highway at an early morning hour *held*, to have presented an issue of fact as to whether defendant was guilty of negligence proximately causing the injuries by virtue of noncompliance with pertinent statutory provisions (CLS 1956, §§ 257.684, 257.686).

CARR, C. J., and DETHMERS and KELLY, JJ., dissenting.

Appeal from Tuscola; Quinn (Timothy C.), J. Submitted November 7, 1962. (Calendar No. 43, Docket No. 49,458.) Decided February 7, 1963.

Case by Emory Schian, administrator of the estate of Carl Schian, against Lorenz Bierlein and Milton Schian under the death act for damages on death of minor son in collision of motor vehicles. Judgment for defendants at close of plaintiff's proofs. Plaintiff

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 1129.
[2] 5A Am Jur, Automobiles and Highway Traffic § 1071.
Driving motor vehicle without lights or with improper lights as affecting liability for collision. 21 ALR2d 7.

appeals as to defendant Bierlein. Reversed and remanded for new trial.

*James P. Churchill* (*Douglas L. Williams,* of counsel), for plaintiff.

*Kern & Kern* and *James J. Epskamp,* for defendant Bierlein.

KAVANAGH, J. Emory Schian, as administrator of the estate of his son, Carl Schian, deceased, began this action under the death act against defendants Lorenz Bierlein and Milton Schian. He alleged Bierlein was guilty of negligence and Schian was guilty of gross negligence, each being a proximate cause of the death of his son. Each defendant by answer denied any neligence or gross negligence. Each denied any negligence that was a proximate cause of the accident. The case was tried in the Tuscola county circuit court without a jury. At the conclusion of plaintiff's proofs, defendants each moved for a judgment of no cause for action.

The trial judge granted the motions. In so doing he found there was no proof on the record of gross negligence on the part of defendant Schian. As to defendant Bierlein, he found there was no proof of negligence that was a proximate cause of this accident. Judgment of no cause for action was thereupon entered.

Plaintiff is here on appeal, claiming the trial court erred in granting defendant Bierlein's motion. No appeal is taken from the order and judgment of the trial court in the case of defendant Schian.

The following facts relative to the accident are necessary to a discussion of the case:

On September 12, 1959, plaintiff's 11-year-old son Carl was en route to defendant Milton Schian's farm near Brown City, Michigan. He was a passenger in

Milton Schian's 1958 Dodge automobile driven by Milton Schian's son Leo. They were proceeding south on Bradford road. Leo came to a complete stop for the stop sign at M–81. About 3/4 of a mile south of M–81 Leo drove his father's car, with apparent great force, into the rear of southbound defendant Bierlein's tractor.. Leo remembers nothing after stopping for the stop sign at M–81. Testimony does not disclose the exact time the accident occurred, but following the accident an ambulance driver drove back to plaintiff's home and arrived there at approximately 5:55 a.m.

Defendant Bierlein's tractor was equipped with 3 lights—2 in the front, 1 in the rear—shining "mostly" downward; the lights were white or yellow. It is admitted the tractor was not equipped with a rear red taillight.

Plaintiff's position is that the testimony, viewed in the light most favorable to plaintiff, presents an issue of fact as to whether defendant Bierlein was actionably negligent. The question of fact depends upon the determination of the issue of the need for Bierlein to have a red light displayed on the rear of the tractor clearly discernible 500 feet to the rear, in accordance with paragraph (a) of section 686[1] and paragraph (a) of section 684[2] of the Michigan vehicle

[1] Paragraph (a) of section 686 of the Michigan vehicle code (CLS 1956, § 257.686 [Stat Ann 1960 Rev § 9.2386].), reads:
"Every motor vehicle, trailer, semitrailer, pole-trailer and any other vehicle which is being drawn in a train of vehicles shall be equipped with at least 1 rear lamp mounted on the rear, which, when lighted as hereinbefore required, shall emit a red light plainly visible from a distance of 500 feet to the rear."

[2] Paragraph (a) of section 684 of the Michigan vehicle code (CLS 1956, § 257.684 [Stat Ann 1960 Rev § 9.2384]), reads:
"Every vehicle upon a highway within this State at any time from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of 500 feet ahead shall display lighted lamps and illuminating devices as hereinafter respectively required for different classes of vehicles, subject to exceptions with respect to parked vehicles as hereinafter stated."

code. Sunrise on the day in question was 6:09 a.m. Plaintiff contends that if the accident occurred after 5:39 a.m., the duty to have such a red light might have been statutorily imposed if atmospheric or other conditions were present making display of such red light necessary; and that if the accident occurred before 5:39 a.m., the duty to have such light was statutorily imposed, since the accident occurred more than 1/2 hour before sunrise.

While the precise moment of the accident is not disclosed, plaintiff contends the following facts establish the time: Plaintiff's wife testified the time of departure of plaintiff's decedent and Leo Schian from the home was 5:20 a.m. Leo Schian testified they left at 5:30 a.m., with the car headlights on. He further testified it was that time of day when lights were needed and as far as he could recall he did not turn them off prior to the accident. The point of the accident was only 1-1/4 miles south from the point of departure.

Defendant Bierlein's tractor was proceeding south on Bradford road with 2 lights on the front and a rear light shining downwards.

Leo Schian, who was injured in the accident, was back at plaintiff's house via ambulance at approximately 5:55 a.m. The ambulance was called by an unidentified person and came from Reese, Michigan, some 3 miles west of Bradford road. It had traveled to the scene of the accident, picked up Leo Schian and en route to the hospital stopped at plaintiff's house to notify plaintiff of the accident at approximately 5:55 a.m.

The trial judge did not make a factual determination there was no proof of negligence on this record on the part of defendant Bierlein. He merely found there was no proof of negligence on the record that was a proximate cause of the accident. The trial court at this stage of the trial is required to consider

motions for judgment in the same fashion as it would had there been a jury. *Stolt* v. *Shalogian,* 326 Mich 435.

The testimony and favorable inferences therefrom, viewed in the light most favorable to plaintiff, presents an issue of fact as to whether defendant Bierlein was negligent in failing to have a red light displayed on the rear of his tractor in accordance with the statute.

In the case of *O'Grady* v. *Rydman,* 347 Mich 606, this Court approved a finding of fact of a causal connection made by the trial court based upon the following (pp 610, 611):

" 'The court is also going to find the truck insofar as CLS 1954, § 257.688 (Stat Ann 1952 Rev § 9.2388), which required him to have 2 clearance lights on the front, 1 on each side, the testimony is undisputed that he did not have such lights, the court is going to find he was negligent in that regard as a matter of law, because the facts are undisputed that he did not have them, so now we come to the question of proximate cause. * * * Parking lights are small lights, possibly an inch, or an inch and a half in diameter, whereas headlights are large lights, the lights are maybe 6 or 8 inches in diameter and they have power behind them so the court feels that these headlights should have been on and these clearance lights should have been on, that would have made 4 lights on the front of this truck, and the court finds as a matter of fact that is negligence on the part of the defendant Isaacs, that it was a proximate cause, a proximate cause and concurring cause with the negligence of the driver of the defendant Rydman car, a concurring cause which caused the accident and resulting injuries. The court feels that the Rydman car driver could have seen the truck at a considerable greater distance had the lights been on, the headlights been on, headlamps as required by the law and if the clearance lights had been on, and the court is going

to find that the plaintiff is not guilty of any contributory negligence.' "

The same reasoning certainly could be applied to defendant Bierlein's failure to have a red light displayed in accordance with the terms of the applicable statute in the instant case.

The record discloses competent evidence, viewed in the light most favorable to plaintiff, that the negligence of defendant Bierlein in not having a red light displayed on the rear of his tractor was a proximate cause of the accident.

The trial court erred in concluding that, as a matter of law, the question of the causal connection between the statutory violation and the injury was not proven. Such question is usually one of fact for the trier or triers of the facts. 1 Cooley on Torts (4th ed), § 50, pp 120, 121; Prosser on Torts (2d ed), § 50, p 281; *Spencer* v. *Phillips & Taylor,* 219 Mich 353; *Beebe* v. *Hannett,* 224 Mich 88; *Arvo* v. *Delta Hardware Co.,* 231 Mich 488; *Dunn* v. *City of Detroit,* 349 Mich 228.

We conclude, therefore, the trial court erred in entering the judgment of no cause for action.

We note that under the new Court Rules effective January 1, 1963, GCR 1963, 504.2, the foregoing practice will be changed.

The judgment of the lower court is reversed, and a new trial granted. Plaintiff shall have costs.

BLACK, SOURIS, and OTIS M. SMITH, JJ., concurred with KAVANAGH, J.

KELLY, J. (*dissenting*). This case illustrates the advisability of the new Michigan General Court Rule 504.2 (effective January 1, 1963), which provides:

"For failure of the plaintiff to comply with these rules or any order of court, a defendant may move

for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence to the court in any action tried without a jury, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Thereupon, the court as trier of the facts may determine them and render judgment against the plaintiff, or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 517. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits."

As plaintiff closed in this Schian Case, after calling 4 witnesses, the trial judge could justifiably conclude he had heard from all witnesses who could offer any testimony that would be helpful in arriving at a decision.

Plaintiff and his wife, who had not witnessed the accident, had testified as to what time of day their son had left their home in defendant Milton Schian's automobile.

Leo Schian, son of defendant Milton Schian, who drove his father's automobile, was called under the statute[1] for cross-examination, and we quote the following from plaintiff's statement of facts and brief in regard to Leo Schian's testimony:

"Leo Schian drove his father's car with apparent great force, and without apparent effort to avoid it, into the rear of southbound defendant Bierlein's green and yellow tractor. Both vehicles were on the proper side of 2-lane blacktop Bradford road which is straight and level.

---

[1] See CL 1948, § 617.66 (Stat Ann § 27.420).—Reporter.

"Carl was killed thereat; Leo remembers nothing after stopping for the stop sign at M–81 and seeing no traffic, crossing M–81.   *   *   *

"The front of defendant Schian's car struck the rear of defendant Bierlein's tractor with sufficient force to cause Bierlein to fly high enough in the air to permit the Schian car to pass below him, stopping south of where he alighted, and with enough force to demolish both vehicles.   *   *   *

"In this case, Leo Schian has no memory after crossing M–81. We do not know if the accident happened because he was asleep; because he was not looking; or looking, not seeing; because it was deliberate; or whether he saw the white or yellow light on the rear, shining mostly downward."

Appellant in his statement of facts summarizes the testimony of the last of the 4 witnesses, namely defendant Bierlein, who was called for cross-examination under the statute,[2] as follows:

"According to defendant Bierlein, upon impact he was knocked up into the air, the Schian car passed underneath him, and he landed on the pavement behind the car and tractor, which were 'tight' together."

It is apparent from the record that the court heard argument of counsel before passing upon defendant's motion and there is no intimation that plaintiff made known that he desired to call or cross-examine any additional witnesses.

The circuit judge's opinion relating to the motion for directed verdict, delivered from the bench, follows:

"I have read completely the O'Grady [v. Rydman] Case in 347 Mich 606 and the Stevens [v. Stevens] Case in 355 Mich 363, and I point out on the record that it is the opinion of this court that neither case is applicable to the situation before this court for this reason. In each of those cases, the trial court, as trier of the fact, found certain facts to be true on

---

[2] See CL 1948, § 617.66 (Stat Ann § 27.420).—Reporter.

the record before it, and the Supreme Court did not disturb those findings of fact. If on the record before this court, similar findings of fact could be made, I would have to deny the motion.

"Certainly counsel are aware of the fact that the court sitting without a jury and as trier of the fact is in the same position as the jury and under the same obligations and at this step of the proceedings, certainly the facts and all reasonable inferences to be drawn therefrom must be taken in the light most favorable to the plaintiff. I believe I have so viewed the record and it is the opinion of this court that viewed in that light, this record sustains the following findings:

"With respect to Lorenz Bierlein, that there is no proof of negligence on this record that was a proximate cause of this accident.

"As to defendant Schian, there is proof of his negligence which was a proximate cause of the accident, and again with respect to defendant Schian, there is no proof on this record of gross negligence on his part.

"Because of those findings, it is the opinion of this court that the motion of defense counsel must be granted and it is granted."

If the defense had announced that defendant rested instead of moving for a directed verdict, I do not believe there would have been any opinion from any member of this Court that we should reverse Hon. Timothy C. Quinn's conclusion and judgment that verdict should be for defendants. We are, of course, in this appeal concerned only with the judgment in re defendant Lorenz Bierlein, as plaintiff did not take an appeal from the court's judgment in favor of defendant Milton Schian.

Justice Kavanagh states that even though the case was tried without a jury, "The trial court at this stage of the trial is required to consider motions for

judgment in the same fashion as it would had there been a jury," and decides that the trial court was forced to conclude the testimony and favorable inferences therefrom in the light most favorable to plaintiff, and then quotes the finding of facts in the case of *O'Grady* v. *Rydman*, 347 Mich 606.

The lower court's opinion discloses that he gave consideration to the case referred to by Justice KAVANAGH and concluded that the facts in that case were so different from the facts before him that they were not applicable. It is the writer's opinion that the record sustains the trial judge's conclusion.

The trial court used the "viewed in the light most favorable to plaintiff" rule and concluded that the evidence and inferences therefrom sustained the finding that there was proof of defendant Schian's "negligence, which was a proximate cause of the accident," although no proof of Schian's gross negligence, and, "With respect to Lorenz Bierlein, that there is no proof of negligence on this record that was a proximate cause of this accident."

We find nothing in the record that causes a belief that the trial court, even after viewing the evidence under the rule that came to an end on December 31st, last, and who saw and heard the witnesses, erred and was not justified in finding that plaintiff had failed to prove defendant Bierlein guilty of negligence that was a proximate cause of the accident and, therefore, dissent with Justice KAVANAGH's conclusion that "The judgment of the lower court is reversed, and a new trial granted. Plaintiff shall have costs." To the contrary, we find that the judgment of the lower court should be affirmed. Costs to appellee.

CARR, C. J., concurred with KELLY, J.

DETHMERS, J., concurred in result.

O'HARA, J., took no part in the decision of this case.