### THOMPSON v. LLEWELLYN.

1. Negligence—Contributory Negligence—Pleading—Burden of Proof.

Defendant in a negligence action has had the burden of pleading and proving the contributory negligence of plaintiff since 1958 (Court Rule No 23, § 3a [1945], as added June 1, 1958]).

2. Appeal and Error—Motions for Directed Verdict and for Judgment Notwithstanding Verdict—Evidence.

The facts must be viewed in the light most favorable to plaintiff on defendant's appeal from denial of his motions for directed verdict and for judgment notwithstanding verdict.

3. Automobiles—Intersections—Right-of-Way.

The motorist at the right has the right-of-way where 2 motorists approach an intersection of roads of equal rank at approximately the same time (CLS 1956, § 257.649).

4. Same—Intersections—Contributory Negligence—Evidence.

Jury's verdict for plaintiff northbound motorist against eastbound motorist, arising from collision in northeast portion of 2 roads of equal rank in the daytime *held,* not against the great weight of evidence on issue of plaintiff's contributory negligence in respect to his exercise of due care for his own safety and protection while approaching and attempting to proceed through the intersection.

Appeal from Saginaw; O'Neill (James E.), J. Submitted January 10, 1964. (Calendar No. 20, Docket No. 50,170.) Decided April 6, 1964.

---

References for Points in Headnotes

[1]  38 Am Jur, Negligence § 286.
[2]  5 Am Jur 2d, Appeal and Error § 886.
[3]  7 Am Jur 2d, Automobiles and Highway Traffic §§ 199, 202.
Right of way as between vehicles as affected by relative distances or time of reaching intersection.   175 ALR 1013.
[4]  8 Am Jur 2d, Automobiles and Highway Traffic § 735.

Case by Phillip N. Thompson against Rollyn R. Llewellyn for personal injuries sustained in automobile collision July 17, 1955. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Martin & Martin,* for plaintiff.

*Heilman, Purcell & Tunison,* for defendant.

KELLY, J. This case involves an automobile negligence action. Defendant appeals from a judgment entered on a jury verdict rendered against him, contending plaintiff was guilty of contributory negligence as a matter of law.

This action arises out of a collision at an intersection of 2 rural roads of equal rank in Saginaw county, in the daytime. Plaintiff, with his wife and 2 children, was traveling in a northerly direction on Mackinaw road, while defendant, accompanied by his wife, was traveling in an easterly direction on West Freeland road (which road intersects Mackinaw road at approximately right angles). The 2 automobiles collided within the intersection, resulting in serious injuries to plaintiff and wife. Both plaintiff and his wife brought suit against defendant and recovered jury verdicts. Defendant does not appeal from the verdict in favor of plaintiff's wife.

At the close of plaintiff's proofs, defendant moved for directed verdict on the ground that plaintiff was guilty of contributory negligence as a matter of law. This motion was opposed by plaintiff and the trial court took the motion under consideration* until the close of defendant's case. Defendant's motion was made again at the close of all proofs, but the court did not rule on the motion and, instead, continued to take it under consideration while reserving to de-

---

\* See CL 1948, § 691.691 *et seq.* (Stat Ann § 27.1461 *et seq.*).—RE-PORTER.

fendant the right to renew it after the jury verdict. The jury returned a verdict in favor of plaintiff for $10,000 and judgment was entered accordingly. Defendant then moved for new trial and/or judgment notwithstanding the verdict, which the court denied.

Defendant now appeals, alleging as his sole claimed error the trial court's failure to direct a verdict against plaintiff and the court's subsequent refusal to grant defendant's motion for new trial and/or judgment notwithstanding the verdict because plaintiff was guilty of contributory negligence as a matter of law in that plaintiff was required to make observations of traffic upon the intersecting road in such a manner, and at such time, as would reveal approaching drivers prior to his entering the intersection, and that plaintiff charged ahead into the intersection at an excessive speed, unable to stop, ignoring the possibility his line of travel was threatened.

Plaintiff testified he was driving about 35 or 40 miles per hour as he approached the intersection; that he took his foot off the gas and placed it lightly on the brakes; that he reduced his speed to about 25 to 30 miles per hour; that as he approached the intersection he made observations to his right and to his left; that he observed there were no cars coming from his right but he could not see anything on his left because of an orchard and weeds and reeds growing in the ditch; that he continued looking to the left as he was driving along; that when he was approximately 6 to 8 feet from the intersection, and past the obstructions to the view on his left, he saw defendant's car approaching about 100 to 150 feet away, going about 40 to 45 miles per hour. Plaintiff further testified that defendant's car was traveling on the right side of the road and that plaintiff, before entering the intersection after observing defendant's car, determined he had time to proceed safely

through the intersection; that he crossed the south 1/2 of the intersection and that defendant's car collided with him in the northeast corner of the intersection.

Defendant argues that plaintiff, by his own testimony, indicates such a lack of due care on his part that reasonable men could not differ re the question of contributory negligence; that plaintiff testified he could not see down the intersecting road (to his left) until such time as he was 6 to 8 feet south of the intersection because of the trees, shrubs, and other growths; that plaintiff was not "protected" by a stop sign or other traffic control upon West Freeland road; that plaintiff had indicated (inconsistently with his trial testimony) in his discovery deposition that he was within the intersection before observing defendant to his left; that plaintiff's testimony to the effect that he reduced his speed from about 35 to 40 miles per hour to 25 to 30 miles per hour by lifting his foot from the accelerator as he approached the intersection leaves no doubt that he was charging blindly ahead at a point 6 to 8 feet southerly of the intersection, dependent for his safety upon observation to be made at that point; that plaintiff testified he was traveling at such a speed that he doubted the possibility of his being able to stop his car before entering the intersection.

Notwithstanding the fervor with which defendant asserts his argument, the record is not as crystal clear in its delineations of plaintiff's contributory negligence as defendant would have us believe. There is testimony by plaintiff that in approaching the intersection he made observations to his left, at which time he saw defendant's automobile approaching approximately 100 to 150 feet away, traveling on the right side of West Freeland road, which observation resulted in a determination by plaintiff that he had sufficient time to safely cross the intersection

under the circumstances and did, in fact, clear the south 1/2 of the intersection before being hit by defendant's vehicle.

Defendant has the burden of pleading and proving the contributory negligence of plaintiff. Michigan Court Rule No 23, § 3a (1945, as added April 14, 1958)* [GCR 1963, No 111.7]. In considering the issues raised by defendant, the facts must be viewed in the light most favorable to plaintiff. *Hicks* v. *Gillespie,* 346 Mich 593. Plaintiff had the statutory right-of-way (CLS 1956, § 257.649 [Stat Ann 1957 Cum Supp § 9.2349]).

From the maze of conflicting evidence which envelops this particular automobile accident the jury could properly find that plaintiff exercised due care for his own safety and protection while approaching and attempting to proceed through the intersection. The questions of whether plaintiff's speed or observations were factors which contributed proximately to this accident were ones of fact for the jury. This record does not support a conclusion that the jury verdict was against the great weight of the evidence. See *Garvit* v. *Krebs,* 338 Mich 256; *Hicks* v. *Gillespie, supra; Hainault* v. *Vincent,* 365 Mich 370.

Affirmed. Costs to appellee.

KAVANAGH, C. J., and DETHMERS, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.

---

* See 352 Mich xiv.—REPORTER.