**Dora SOVE, Plaintiff-Appellant,**

v.

**William Otis SMITH, Frank Miller and Rose Miller, Defendants-Appellees.**

**No. 16144.**

United States Court of Appeals Sixth Circuit.

Jan. 21, 1966.

John Safran, Detroit, Mich., for appellant, Wood & Wood, Detroit, Mich., on the brief.

J. Lynn Fewlass, Detroit, Mich., for appellees, Willans, Frisbee & Ryal, Daniel Zolkower, Detroit, Mich., on the brief.

Before MILLER,* O'SULLIVAN and EDWARDS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

This was an action by plaintiff-appellant, Dora Sove, for loss of consortium arising from injuries suffered by her husband, Charles Sove, in an automobile accident. A verdict for defendant was directed upon a holding that as a matter of law plaintiff's husband had been guilty of contributory negligence. We

---

\* This case was argued to a panel of the Court consisting of Judges Miller, O'Sullivan and Edwards. Judge Miller died before a decision was reached or an opinion prepared.

previously reversed a District Court summary judgment which had held that a wife's action for loss of consortium had to be prosecuted with her husband's action for damages. We there held that the wife had a separate and independent cause of action for such loss, and remanded the case for trial. Sove v. Smith, et al, 311 F.2d 5 (CA6, 1962). Plaintiff was not a passenger in her husband's motor vehicle and was not otherwise involved in the collision which gave rise to the action. In the action for his own injuries, her husband had recovered damages against one of two alleged tortfeasors, the other being exonerated by a jury verdict.

On this appeal, appellant contends, first, that because of our holding that her cause of action was independent of her husband's, his contributory negligence would not bar her recovery; and, second, that the District Judge erred in his finding that the husband was guilty of contributory negligence as a matter of law. We hold that contributory negligence of the husband was available as a defense to the wife's action for loss of consortium, but reverse because of our view that the determination of the husband's contributory negligence should have been left for the jury.

Plaintiff's husband, Charles Sove, was employed at a service station in Detroit. He undertook to tow a stalled vehicle. Attaching a single towing chain to the car, he towed it, with the driver in it, for a mile or so westerly on Ford Road. When the car still would not start, he made a U-turn and came back easterly on Ford, intending to tow the car into the service station. The station was on the northeast corner of Beech and Ford Roads, which made it necessary for him to make a left hand turn at the intersection. As he started to make this turn, Sove noticed that the cars had become unattached. He backed up and stopped with his and the towed vehicle facing east at the entrance to the intersection. He got out of his own car to fasten the chain. At this time both cars were in the south traffic lane of Ford Road next to its center line. When Sove got out of his own car, the light showed red to Ford Road traffic. He walked back toward the other car, checking for traffic coming toward him on Ford. Sove gave no precise estimate as to how far he could see to the west on Ford Road when he checked for traffic, nor for what distance it was clear of oncoming cars. He variously described this as "quite a distance," "I could likely see to Inkster Road at that time," (the distance to Inkster Road is not given), "I don't remember how far behind me [to the west] I looked, there was nothing immediately behind the cars," and "there was nothing within car lengths [undefined] in back of our automobiles." With whatever assurance the foregoing observations provided him, Sove got down between the two cars and refastened the chain. When Sove stood up, he just had time to shout a warning to the driver of the car he had been towing before a third car struck the rear of the stalled car, driving it forward against Sove's car and pinning him between the two. Sove gave his estimate of the time that he was on the ground refastening the chain as "a minute or two," and on cross-examination said it could have been either "a few seconds or a couple of minutes" and that "it usually takes a minute or two to hook up a chain." Sove admitted that he set out no flags or warnings, and did not ask the driver of the stalled car to stand as a lookout. He stated that he had not done this because the traffic was normally light at that time of day, about 1:30 P.M., and he did not think it was necessary. Sove testified that while he was on the ground or while he was getting up, he became aware of a truck that passed to the right of him and the towed vehicle. When he got up, the other vehicle, that of defendant Smith, was "bearing down" on the two stationary cars and appeared to be swinging from the south, or right hand lane of Ford Road, into the lane where Sove's and the towed vehicles were standing.

One Vincent Mancinelli testified for plaintiff. He was the driver of the truck which, as described by Sove, had passed to the right of the stalled vehicles before the crash. He testified that he entered Ford Road "a block or two" west of Beech Road and drove east in the lane next to the center. Observing the stalled vehicles in the same lane as his, he turned to the right and passed them. He stated that upon entering Ford Road he looked, but saw no vehicles coming from the west on Ford Road; that when he was about 75 to 100 feet from the stalled vehicles, he turned to the right, or south, lane and at that time he looked to the west and there were no cars coming.

When plaintiff rested, defendant Smith had not yet testified so the record presents no information as to where Smith entered Ford Road, how far he travelled east on it before striking the towed vehicle, how fast he had been driving, or what caused him to fail to see the stalled vehicles in time to avoid them.

### 1. Husband's negligence a bar to wife's consortium action.

In Sove v. Smith, 311 F.2d 5 (CA6, 1962), we held that under Montgomery v. Stephan, 359 Mich. 33, 101 N.W.2d 227 (1960), plaintiff Dora Sove's action for loss of consortium was separate and independent of her husband's action for damages. Neither of these decisions, however, can be read to say that where a wife was not, herself, independently injured by or involved in a tort committed against her husband, she may recover in her action notwithstanding her husband's contributory negligence. District Judge Talbot Smith, who, as a Justice thereof, wrote the opinion for the Michigan Supreme Court in Montgomery v. Stephan, supra, held the view that although the action for loss of consortium was an independent cause, it was derivative and could not succeed if the husband's own cause was barred by his contributory negligence.

The rule of Bishop v. Plumb, 363 Mich. 87, 108 N.W.2d 813 (1961) and Bricker v. Green, 313 Mich. 218, 21 N.W.2d 105, 163 A.L.R. 697, that a driver's contributory negligence will not be imputed to his passenger, has no application here. We consider that Dewey v. Perkins, 295 Mich. 611, 612, 295 N.W. 333 (1940); Bias v. Ausbury, 369 Mich. 378, 382, 120 N.W.2d 233 (1963); and Morrison v. Grass, 314 Mich. 87, 105–106, 22 N.W. 2d 82 (1946), must be read to hold that in this action the contributory negligence of plaintiff's husband would bar her action. Such is the general rule. Anno. 42 A.L.R. 717; 41 C.J.S. Husband and Wife § 401, p. 895; Restatement: Torts 2nd, § 494.

### 2. Contributory negligence as a matter of law.

Subsections (b) and (c) of § 721 of the Michigan Vehicle Code, M.S.A. § 9.2421(b) and (c), Comp.Laws 1948, § 257.721 [P.A.1949, No. 300], provide:

"(b) The draw bar or other connection between any 2 vehicles, 1 of which is towing or drawing the other on a highway, shall not exceed 15 feet in length from 1 vehicle to the other. Whenever such connection consists of a chain, rope or cable, there shall be displayed upon such connection a red flag or other signal or cloth not less than 12 inches both in length and width.

"(c) Every vehicle or trailer drawn by any motor propelled vehicle must be so attached to such vehicle with such forms of coupling devices as will prevent such vehicle or trailer from being deflected more than 6 inches from the path of the towing vehicle's wheels. Such vehicle or trailer must also be connected to the towing vehicle, by suitable safety chains or devices, 1 on each side of the coupling and at the extreme outer edge of the vehicle and each such chain or device and connection so used shall be of sufficient strength to haul the trailer when loaded."

In directing a verdict for defendant, the District Judge said,

"I find as a matter of law, that Mr. Sove was in violation of the Statute relating to trailers and towed vehicles, in that the towed vehicle was not attached to the towing vehicle as prescribed by law; and further, that this failure to so attach was a direct and proximate cause of the injury suffered by him. But for that failure, it would not have occurred."

The plaintiff did not display the required red flag or other signal on the chain connected to the towed vehicle; neither did the single chain employed meet the requirements of the quoted statute. Under Michigan law such violations were negligence *per se*. Westover v. Grand Rapids Railway Co., 180 Mich. 373, 378, 147 N.W. 630 (1914); Hardaway v. Consolidated Paper Co., 366 Mich. 190, 196, 114 N.W.2d 236, 256 (1962). They would not, however, bar plaintiff's action unless such violations contributed as one or more proximate causes to her husband's injuries. Arvo v. Delta Hardware Co., 231 Mich. 488, 204 N.W. 134 (1925); Cookson v. Humphrey, 355 Mich. 296, 300, 93 N.W.2d 903 (1959); Wolfgram v. Valko, 375 Mich. 421, 430, 134 N.W.2d 649 (1965). Resolution of such question of proximate cause is ordinarily for a jury's factual determination, Wolfgram v. Valko, supra; Brown v. Tanner, 281 Mich. 150, 274 N.W. 744 (1937); Thompson v. Llewellyn, 372 Mich. 588, 592, 127 N.W.2d 380 (1964); 1 Cooley on Torts (4th Ed.) § 50 pp. 120, 121; Arvo v. Delta Hardware, 231 Mich. 488, 491, 204 N.W. 134 (1925); Schian v. Bierlein, 369 Mich. 219, 224, 119 N. W.2d 611 (1963), and it is familiar Michigan and general law that factual issues will not be withdrawn from a jury unless they are such "that all reasonable men must draw the same conclusion from them." Grand Trunk R. Co. of Canada v. Ives, 144 U.S. 408, 417, 12 S.Ct. 679, 683, 36 L.Ed. 485 (1891). See also Beach v. City of St. Joseph, 192 Mich. 296, 301, 158 N.W. 1045 and earlier and later Michigan cases.

An early definition of proximate cause, contained in 21 Am. & Eng. Law, to-wit:

"A proximate cause, in the law of negligence, is such a cause as operates to produce particular consequences without the intervention of any *independent unforseen cause without which the injuries would not have occurred.*" (Emphasis supplied.)

appears to have been approved in Michigan. Stoll v. Laubengayer, 174 Mich. 701, 704, 140 N.W. 532 (1913); Luck v. Gregory, 257 Mich. 562, 568, 569, 241 N.W. 862, 244 N.W. 155 (1932).

It seems fair to infer that had Sove used the triple linkage called for by the Michigan Statute, the connection with the towed car would not have been broken, Sove would have gone on into the gas station, and thus the vehicles would not have been standing on Ford Road when defendant's vehicle approached.[1] We do not think that the violation which did provide, or may have provided, the background circumstance for the presence of the vehicles on Ford Road at the time the allegedly negligent defendant ran into them, would foreclose all reasonable men from excluding such violations as proximate causes of the accident. The jury could have concluded that defendant could, and should, have seen plaintiff's vehicles standing on the highway, and that his failure to do so was an "independent, unforeseen cause without which [Sove's] * * * injuries would not have occurred." Cf. Rovinski v. Rowe, 131 F.2d 687, 691 (CA6, 1942).

The District Judge further said:

"I am also aware of the fact that when Mr. Sove got out to effect the repair necessary, no flares or warnings of any kind were displayed, no lookout was placed there. He got down between the cars where he

1. It would be possible to speculate, however, that even so if one of the three connections had come loose, Mr. Sove might also have stopped to refasten it.

couldn't see anything of what was approaching and in this blind situation he suffered this unfortunate injury."

The burden of proof of Sove's contributory negligence as a proximate cause of his injuries was on the defendant, Michigan Court Rule 23, § 3a, and in considering the propriety of a directed verdict, the evidence is to be viewed most favorably to the plaintiff. Dewey v. Perkins, 295 Mich. 611, 614, 295 N. W. 333 (1940); Ashworth v. City of Detroit, 293 Mich. 397, 292 N.W. 345 (1940). There was evidence that Sove looked for oncoming traffic before he got down to connect the chain and that there were no vehicles then in sight; that Sove was on the ground a minute or two or a few seconds; that the witness Mancinelli entered Ford Road about a block west of Beech Road and passed Sove's standing vehicles, and saw no vehicles following when he made an observation at a 75 foot distance from Sove's vehicles. There was also evidence that the defendant's vehicle swung from the outside lane into Sove's lane just before striking the towed vehicle. Even though Sove could have employed greater caution than he did, we do not consider that all reasonable men would be forced to conclude that what he did was less than what the ordinarily prudent man would have done under like circumstances. If Sove had made due observation, he had the right under Michigan law to assume that approaching motorists would be driving with due care. Miller v. Pillow, 337 Mich. 262, 270, 59 N.W.2d 283 (1953); Knoellinger v. Hensler, 331 Mich. 197, 201, 49 N.W.2d 136 (1951); Douglas v. Holcomb, 340 Mich. 43, 49, 64 N.W.2d 656 (1954); Wright v. Delray Connecting R. Co., 361 Mich. 619, 627, 106 N.W.2d 247 (1960).

We conclude that the proofs as of the time plaintiff rested did not disclose that plaintiff's husband was guilty of contributory negligence as a matter of law.

The judgment of the District Court is reversed and a new trial ordered.